## J.R. MULLINS, ET AL.

### V.

## RICHLANDS NATIONAL BANK

Record No. 900962

April 19, 1991

Present: Carrico, C.J., Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*T.C. Bowen, Jr. (Bowen & Bowen,* on brief), for appellants.
*Harris Hart, II (Gillespie, Hart, Altizer & Whitesell,* on brief),
for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the attorney's fee awarded by the trial court is reasonable under the facts and circumstances presented.

The parties agreed to a written statement of facts pursuant to Rule 5:11(c). Richlands National Bank brought separate actions against J.R. Mullins, Mullins, Inc., Mullins Ford, Inc., and J.R. Mullins, II, (collectively, Mullins) to recover judgments on three separate promissory notes, executed by Mullins and aggregating $405,679.48. Mullins filed a grounds of defense admitting liability on the notes, and the actions were submitted to the trial court for a determination of attorney's fees.

Two of the notes, for which judgments for $256,257 and $57,536 were sought, contained the following provision:

COSTS OF COLLECTION: If you must hire a lawyer to collect this note, I must pay his or her fee, plus court costs (except where prohibited by law).

The third note, for which judgment in the amount of $91,886.48 was sought, provided as follows:

COSTS OF COLLECTION: Except where prohibited by law, the Borrower promises to pay all costs of collection, including but not limited to reasonable attorney's fees, at any time paid or incurred by the Lender on account of such collection, whether or not suit is filed with respect thereto.

The Bank filed, as an exhibit, a statement by its attorney, indicating that the attorney had devoted 34.35 hours on the cases, had incurred $296 in costs, and had expended $50.25 for long distance telephone charges. The Bank advised the court, without objection

by Mullins, that J.R. Mullins had holdings in Virginia, Kentucky, and South Carolina; that he owed substantial debts, in addition to amounts evidenced by the subject notes; that he had threatened to file for bankruptcy if he were pursued by his creditors; and that the Bank anticipated substantial post-judgment attorney's fees in efforts to collect the balance due on the three notes. After considering the provisions in the notes and the agreed facts, the trial court awarded the Bank an attorney's fee of 10% of the principal amount due on each note, for a total fee of $40,567.95.

■ Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant. *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989); *Gilmore v. Basic Industries*, 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987). This is the "American rule" to which we consistently have adhered. *Lannon*, 238 Va. at 594, 385 S.E.2d at 383.

■ Where, as here, the contracts provided for attorney's fees, but did not fix the amount thereof, a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. *See Beale v. King*, 204 Va. 443, 446, 132 S.E.2d 476, 478 (1963). In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. *See id*. Ordinarily, expert testimony will be required to assist the fact finder.

■ If future services of an attorney will be required in connection with a case, the fact finder should make a reasonable estimate of their value. In so doing, the fact finder should estimate the time to be consumed, the effort to be expended, the nature of the services to be rendered, and any other relevant circumstances.

■ In the present case, the trial court simply fixed a fee based on 10% of the principal amount owed. The fee of $40,567.95 bears no relation to the attorney's time and effort or to the nature of his services. Thus, because nothing in the record supports the awarded fee, it is not reasonable.

In his prayer for relief, Mullins asks that we determine a reasonable fee or remand the case to the trial court for such determination. For the reasons stated herein, the trial court shall make the determination. Accordingly, we will reverse the trial court's

judgments as they relate to attorney's fees and remand the case for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*