991 F.2d 790
 25 Fed.R.Serv.3d 1476
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RESOLUTION TRUST CORPORATION, as Receiver for Coreast
Federal Savings Bank, Plaintiff-Appellee,
v.
GOLDEN KEY LIMITED PARTNERSHIP; Chong Pin Ong; Kamran
Saghafi; Hamid Saghafi, Defendants-Appellants.
 No. 92-1854.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: April 26, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-92-405-A)
 Kelly Ralston Dennis, HAAS & DENNIS, P.C., McLean, Virginia, for Appellant.
 Bradfute W. Davenport, Jr., MAYS & VALENTINE, Richmond, Virginia, for Appellee.
 Bryan Grimes Creasy, MAYS & VALENTINE, Richmond, Virginia; James M. Barker, Assistant General Counsel, Michael P. Condon, Senior Counsel, Sheila Kraft Budoff, Senior Attorney, RESOLUTION TRUST CORPORATION, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Golden Key Limited Partnership and partners Chong Pin Ong, Kamran Saghafi, and Hamid Saghafi (collectively, Golden Key) appeal from a summary judgment in favor of Resolution Trust Corporation (RTC) on RTC's suit to collect from Golden Key the balance due on a note. Golden Key also challenges the district court's award of attorneys' fees to RTC. We affirm.
 
 
 2
 * Golden Key contracted to buy a shopping center from First Federal Savings and Loan Association of Roanoke (First Federal). Paragraph 21(e) of the sales contract warranted that the property complied with all applicable codes, ordinances, and regulations. J.A. 144. To finance the purchase, Golden Key executed a $1.315 million note payable to First Federal in monthly installments. The note was secured by a deed of trust between Golden Key and First Federal.
 
 
 3
 Four years later, First Federal's successor in interest declared the note in default and recovered $742,840.14 from the foreclosure sale of the property. After some developments not relevant to this litigation, RTC was appointed Receiver for First Federal's ultimate successor, became owner of the note, and sued to collect the outstanding debt.
 
 
 4
 Golden Key was dilatory during litigation, filing an answer only when compelled and failing to perform discovery within the allotted time. J.A. 1, 122-23. Moreover, they conceded the elements essential to RTC's recovery: that they had executed the note, that RTC is the holder, and that they had defaulted on the note's payment. Bank of Southside Virginia v. Candelario, 238 Va. 635, 385 S.E.2d 601 (1989). In their answer, J.A. 49, and in opposition to RTC's motion for summary judgment, however, they raised the affirmative defense of failure of consideration.
 
 
 5
 As the time for discovery expired, and just before the summary judgment hearing, Golden Key proffered three affidavits stating that First Federal had breached the warranty contained inp 21(e) of the sales contract. J.A. 92-99. Two of the affidavits were identical, reciting that the affiants had
 
 
 6
 inspected in considerable detail the particular property known as Golden Key Shopping Center ... and have identified various violations of the applicable building code ... and have reason to believe that each such code violation existed at the time of the conveyance of the property to Golden Key Limited Partnership.
 
 
 7
 J.A. 96, 101. These affiants were identified simply as Aubrey G. Nichols and J. Mark White. The third affidavit was by Ong, who recited that he had relied on First Federal's warranty and had no knowledge of building code violations until the note was declared in default. J.A. 98.
 
 
 8
 At the summary judgment hearing, RTC contended that the proffered breach-of-contract defense was barred by federal statute and federal common law. 12 U.S.C. § 1823(e); D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp., 315 U.S. 447 (1942). The court granted RTC's summary judgment motion on the alternative basis that appellants' affidavits were insufficiently specific to raise a genuine issue of material fact under Fed. R. Civ. P. 56(e). RTC obtained judgment of $682,254.44 (the amount of the outstanding debt) plus interest, along with attorneys' fees of 18% of the unpaid balance as provided in the note. J.A. 2, 10. This appeal followed.
 
 II
 
 9
 Golden Key contests both the grant of summary judgment and the award of attorneys' fees. We discuss these in order.
 
 
 10
 * We review the summary judgment order de novo, taking all the evidence in a light most favorable to the nonmovants. Allstate Financial Corp. v. Financorp Inc., 934 F.2d 55, 57 (4th Cir. 1991). We can affirm on any legal ground supported by the record and are not limited to the grounds relied upon by the district court. Service & Training, Inc. v. Data Gen. Corp., 963 F.2d 680, 685 & n.10 (4th Cir. 1992). For purposes of this decision, we assume, without deciding, that Golden Key's breach-of-warranty defense is not barred either by 12 U.S.C. § 1823(e) or by the rule of D'Oench, and address only the question whether it was properly rejected because of Golden Key's failure as nonmovant to raise a genuine issue of material fact supporting the defense.
 
 
 11
 Because Golden Key conceded that RTC established its prima facie case, Rule 56(e) required them to raise a genuine issue of material fact regarding their breach-of-warranty defense by setting forth specific facts, through affidavits or other admissible evidence, sufficient to support a reasonable jury verdict in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 12
 Such affidavits must be made on personal knowledge, and show "affirmatively that the affiant is competent to testify as to the matters therein." Fed. R. Civ. P. 56(e); cf. Catawba Indian Tribe v. South Carolina, 978 F.2d 1334, 1342 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3620 (1993) (failure to satisfy "personal knowledge" requirement requires entry of summary judgment). RTC argues that the Nichols and White affidavits violate the Rule's requirements in part because they do not show affirmatively that the affiants are competent to testify regarding code violations.
 
 
 13
 We agree. We cannot accept Golden Key's contention that Nichols' and White's affidavits could properly be admitted as lay opinion, nor the implicit underlying premise that evaluation of building code violations is within the ken of the average juror. We are also unpersuaded by the alternative proposition that, by claiming to have inspected the subject property "in considerable detail," Nichols and White qualified themselves as competent to testify regarding code violations.
 
 
 14
 Moreover, while the affidavits, if appropriate for consideration, might be thought to raise a question of material fact by alleging a predicate for a breach-of-contract defense, we agree with the district court that they do not move sufficiently beyond the"bald assertions of ... the pleadings" to raise a genuine issue of fact. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).
 
 
 15
 While the affidavits do specify a particular type of contract breach (breach of warranty) and a particular subtype (code violations), the district court correctly noted that they were "no more specific than the language of the contractual provision itself. This is insufficient ... to create an issue of fact whether that contract has been breached." J.A. 126. While "there is some room for debate as to how 'specific' must be the 'specific facts' that Rule 56(e) requires in a particular case," a nonmovant cannot defeat a Rule 56 motion by merely"replac[ing] conclusory allegations of the complaint ... with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990). These affidavits do not specify what code violations existed on the property, nor the dates when the alleged violations were discovered. Nor do they provide any facts supporting the conclusion that the violations existed at the time First Federal sold the property to Golden Key. J.A. 96-102.
 
 
 16
 The affidavits therefore fail to qualify for consideration, because the alleged code violations constitute "the fact ... put in issue" by Golden Key's breach-of-contract defense. Lujan, 497 U.S. at 889; cf. Resolution Trust Corp. v. Murray, 935 F.2d 89, 96 n.9 (5th Cir. 1991) (debtor's evidence that RTC's predecessor had accepted late payment, thereby modifying terms of note, held "[in]sufficiently specific to raise a fact issue and defeat summary judgment"). With the affidavits properly disregarded, the district court correctly concluded that Golden Key failed to carry its Rule 56(e) burden.
 
 B
 
 17
 For the first time on appeal, Golden Key seeks to challenge the reasonableness of the attorneys' fee award. Assuming the issue is properly raised, we reject the challenge.
 
 
 18
 The note in issue explicitly provided for a flat percentage fee award in the event of default, in the amount of 18% of the unpaid debt. J.A. 10. Such fee provisions are enforceable in this circuit just as are liquidated damages provisions, absent a challenge to the reasonableness of the fee award in which actual fees are proved. Federal Deposit Ins. Corp. v. Hadid, 947 F.2d 1153, 1158 (4th Cir. 1991). No such supported challenge was made here.
 
 
 19
 Golden Key argues that under Virginia law, expert testimony is required to establish reasonable fees. Mullins v. Richlands National Bank, 241 Va. 447, 403 S.E.2d 334, 335 (1991). That requirement applies, however, only where a note, unlike the one at issue here, doesn't specify a flat fee.
 
 
 20
 The district court did not err in awarding the percentage fee provided in the note.
 
 AFFIRMED