## CIRCUIT COURT OF ARLINGTON COUNTY

Independent Bank

v.

Robert Nakamoto

July 11, 1996

Case No. (Law) 94-543

BY JUDGE BENJAMIN N. A. KENDRICK

On May 3, 1996, the Court heard argument on plaintiff Independent Bank's Motion for Entry of an Order granting plaintiff's Motion for Summary Judgment. Included in the proposed judgment order was an award against the defendant, Robert Nakamoto, in the sum of $25,233.75, of which $24,076.42 comprised attorney's fees, $3,112.50 for the services of plaintiff's present counsel, Richard Starr, and $20,963.92 for the services of plaintiff's prior counsel, Glenn S. Levine. After having heard arguments and read memoranda in support of and in opposition to the motion, this Court took the matter under advisement for a determination. For the reasons stated below, the Court will sustain plaintiff's motion in part and award $7,500.00 in attorney's fees.

The issue to be decided by the Court on May 3 was whether plaintiff's counsel was required to produce actual bills as evidence to support an award of attorney's fees. Plaintiff offered two affidavits of four sentences each, stating: (1) the total hours spent by each attorney, (2) the hourly rate charged, (3) the total legal fees incurred, and (4) a statement that the amounts represented reasonable costs. No actual billing records were submitted. The defendant objected, arguing that these affidavits were insufficient as a matter of law to support plaintiff's claim for attorney's fees and that plaintiff must produce billing records to meet its burden of proving "reasonableness." The defendant cited *Mullins v. Richlands National Bank*, 241 Va. 447 (1991), and its progeny for the proposition that a fact finder must determine the reasonableness of an award of attorney's fees "under the facts and circumstances of the particular case." *Mullins* at 449.

It is in the fact finder's province, according to case law, "to weigh the testimony of attorneys as to the value of the services rendered, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services." *Beale v. King*, 204 Va. 443, 446 (1963). The amount of a reasonable award of attorney's fees is ultimately the Court's determination, based on all the evidence presented, including time spent, the nature of the services and the community standards, and the completeness of the affidavits. The only evidence presented to the Court were two four-sentence affidavits, not accompanied by detailed time records. The Court is not required to award a particular amount given to it by counsel; it must look at all the evidence and surrounding circumstances in order to determine what it feels is a reasonable fee. Based on the evidence presented, the Court finds an award of $7,500.00 as reasonable attorney's fees for the collection of a $30,080.96 judgment.