# CIRCUIT COURT OF LOUDOUN COUNTY

Gary H. Davison

v.

FastComm Communications Corp.

February 24, 1997

Case No. (Law) 17769

BY JUDGE JAMES H. CHAMBLIN

This litigation concerns indemnification, pursuant to Virginia Code § 13.1-696 *et seq.*, of a former officer and director of a corporation for the reasonable expenses incurred by him as the result of an investigation of certain activities of the corporation while he was an officer and director by the Securities and Exchange Commission.

On September 6, 1996, the Plaintiff, Gary H. Davison, was granted summary judgment, and therefore, the Defendant, FastComm Communications Corporation, was ordered to indemnify Davison for his reasonable expenses incurred in the SEC investigation and for obtaining the indemnification order.

On January 7 and 9, 1997, evidence was presented and counsel argued as to such reasonable expenses.

For the reasons hereinafter stated, FastComm is ordered to reimburse Davison in the sum of $18,882.50 for reasonable attorney's fees and $2,543.78 for reasonable expenses related to the SEC investigation. It is also ordered to pay the sum of $12,950.00 for reasonable attorney's fees and $4,950.38 for reasonable expenses incurred to obtain the indemnification order. It is not ordered to make advances for future expenses.

As explained below, I find that the fees and expenses charged by the Crowell & Morning (C & M) attorneys to Davison for the SEC investigation

are reasonable to the extent they can be determined from the billing records October, 1995, through December, 1996.

However, I have a different view as to C & M's fees and expenses for this litigation.

In my opinion, this simple indemnification proceeding has been "over-lawyered, over-tried, and over-papered" by attorneys with high hourly rates and who are accustomed to lengthy, complex litigation. This litigation could have been more than adequately handled by a competent Loudoun County trial lawyer with much less of an hourly rate than any of the C & M lawyers even if he had to familiarize himself with the SEC investigation and the legal representation needed by Davison because of it.

### Standard to be Applied

Davison is entitled to indemnification from FastComm pursuant to the Indemnification Agreement between the parties for the reasonable legal fees and expenses incurred in the SEC investigation. Under § 13.1-700.1, Davison is also entitled to recover his "reasonable expenses" in obtaining the order of indemnification. Under § 13.1-696, "expenses" includes "counsel fees."

Counsel have not cited, and I have not found, any cases concerning indemnification under § 13.1-696 *et seq.* In *Mullins v. Richlands National Bank*, 241 Va. 447 (1991), the Virginia Supreme Court held that if a contract provides for attorney's fees, the factfinder is required to determine from the evidence what are reasonable fees under the factual circumstances of the particular case. The Supreme Court stated that the trial court must ordinarily receive expert evidence to assist in this determination.

While *Mullins* requires expert evidence, the traditional rule in a domestic case in Virginia is that an award of attorney's fees is a matter within the sound discretion of the trial court. *See, e.g., Westbrook v. Westbrook*, 5 Va. App. 446 (1988).

I find that this indemnification proceeding is more like the contract situation in *Mullins* than a domestic case. Therefore, I will determine the reasonableness of the expenses using the *Mullins* standard. I will consider such circumstances as time consumed, effort expended, the nature of the services rendered, as well as the expert testimony offered by the parties.

### Expenses Related to the SEC Investigation

Davison seeks $20,336.25 in attorney's fees for the SEC investigation. FastComm concedes that the fees should be approximately $12,000.00 to

$14,000.00. It challenges what it calls unnecessary duplication of effort by the C & M attorneys.

Each party presented expert testimony. I give more weight to Davison's expert, Richard S. Kraut, an attorney experienced in SEC enforcement proceedings, than to FastComm's expert, William B. Hanes, an experienced and competent local trial lawyer but with no SEC experience. I find that the work done by the C & M attorneys as stated below was reasonably necessary and that their hourly rates are reasonable considering the nature of the SEC proceeding.

Regardless of what Davison's attorneys may represent in conclusory terms as to the time expended (*see, e.g.* Ms. Mauser's affidavit), the time expended should be determined by examining the C & M bills and records admitted in evidence as part of Plaintiff's Exhibit 1.

My review and analysis of the billing records as to the SEC investigation reveals the following.

1. I am unable to tell how much of the work shown on the following bills was devoted to the SEC investigation: bills for November and December, 1995, and January, February, June, July, and August, 1996, and the time records for December, 1996.

2. As to the bill for October, 1995, there is no clear indication as to what part concerned the SEC investigation as opposed to indemnity issues. However, it is reasonable that half of the attorneys' time was devoted to the SEC proceeding. Therefore, one-half of the $2,380.00 billed for fees in October, 1995, is allowed as reasonable.

3. Fees of Mr. Goldstein and Mr. Robertson as reflected on the following bills are deemed reasonable:

| Bill for | Goldstein | Robertson | Total Fees Deemed Reasonable |
|----------|-----------|-----------|------------------------------|
| March 1996 | 0.25 hr. x $320/hr. | -0- | $80.00 |
| April 1996 | 2.00 hrs. x $320/hr. | -0- | $640.00 |
| May 1996 | 24.50 hrs. x $320/hr. | 29.50 hrs. x $125/hr. | $11,527.50 |

| Bill for | Goldstein | Robertson | Total Fees Deemed Reasonable |
|---|---|---|---|
| Sept. 1996 | 1.00 hrs. x $335/hr. | -0- | $335.00 |
| Oct. 1996 | 4.00 hrs. x $335/hr. | 21.00 hrs. x $145/hr. | $4,385.00 |
| Nov. 1996 | -0- | 5.00 hrs. x $145/hr. | $725.00 |
| | | TOTAL | $17,692.50 |

Accordingly, I find that the reasonable attorney's fees for the SEC investigation are $18,882.50 (1/2 of $2,380.00, or $1,190.00, plus $17,692.50) through December, 1996.

It would be a natural inclination not to award Davison any expenses because he offered no evidence of the expenses attributable to the SEC investigation. However, that would be unfair because he obviously had to have had some expenses. I find that the expenses awarded should be that percentage of the total expenses billed which equals the percentage of the fees attributable to the SEC investigation for each month in which such fees are allowed. Expenses are calculated as follows:

| Month | SEC Fees Total Fees | Tot. Expenses Billed | Expenses Deemed Reasonable |
|---|---|---|---|
| March 1996 | $ 80.00 $ 3,090.00 | $43.17 | $1.12 |
| April 1996 | 640.00 4,082.50 | 383.25 | 60.08 |
| May 1996 | 11,527.50 21,503.75 | 382.36 | 204.97 |
| Sept. 1996 | 335.00 8,336.25 | 507.90 | 20.41 |

| Month | SEC Fees Total Fees | Tot. Expenses Billed | Expenses Deemed Reasonable |
|---|---|---|---|
| Oct. 1996 | 4,385.00 4,770.00 | 757.44 | 696.30 |
| Nov. 1996 | 725.00 808.75 | 1,741.21 | 1560.90 |
| | | TOTAL | $2,543.78 |

Reasonable expenses of $2,543.78 are allowed for the SEC investigation.

I decline to order an advance because there was no evidence upon which to base it. There was no evidence of expected future fees and expenses. All I can find from the evidence is that the SEC investigation is still ongoing and that this litigation will probably not end with this decision.

### Expenses Related to This Litigation

Davison requests $56,745.00 in attorney's fees related to this litigation. FastComm's expert concludes that at a maximum, a reasonable attorney's fee could be $18,550.00 but that $5,000.00 would also be reasonable. Again, FastComm attacks the excessive duplicative services provided by C & M to Davison in this litigation.

My review of the billing records of C & M from October, 1995, through December, 1996, as related above, shows that of the $79,491.25 billed, $18,882.50 is attributable to the SEC investigation. Therefore, the remaining $60,608.75 is arguably attributable to this litigation. As with the SEC investigation, Davison offered no evidence of how the figure of $56,475.00 is calculated. Ms. Mauser's affidavit is conclusory. And, for example, in the "Prelitigation Negotiations" fees behind Tab 3 in Davison's Hearing Notebook, if the "Hourly Rates" are multiplied by the "Approximate Hours Charged," the product does not equal the "Total Fees Requested." In the "Indemnification Litigation" behind the same Tab, it is impossible to determine how the "Total Fees Requested" is determined because there are two hourly rates for three attorneys without a breakdown of how many hours at each rate.

Davison's expert, Daniel B. Edelman, is certainly an expert in complex litigation, such as litigation under Title VIII, the Surface Mining Control and Reclamation Act, or the federal Equal Access to Justice Act, but his area of

expertise is far removed from this simple type of litigation. His characterization of this suit as "somewhat complex" is merely a self-serving attempt to justify C & M's outrageous fees. Mr. Edelman's resort to the so-called "*Laffey* Matrix" as justification for C & M's fees is not persuasive. This is the Circuit Court of Loudoun County, Virginia, not a federal court or the Superior Court of the District of Columbia. No evidence was offered that the *Laffey* Matrix has ever been applied to a Virginia state court proceeding, but Mr. Edelman uses it to justify his opinion that C & M's fees are reasonable.

Rand-McNally may state that Loudoun County is located within the DC Standard Metropolitan Statistical Area, but that does not support a finding that a matrix should apply to Loudoun County indicating, for example, that a fee of $325.00 per hour is the prevailing rate for a Loudoun County trial attorney with twenty or more years of experience.

Davison offered no evidence of a Loudoun practitioner charging $325.00 per hour. Mr. Hanes (FastComm's expert) stated that several Loudoun trial attorneys charge as much as $200.00 per hour.

Mr. Edelman formulated his opinion as if this suit were a fee claim under a federal or District of Columbia law. He ignored the simplicity of this indemnification proceeding. On the other hand, Mr. Hanes clearly recognized that this is not complex litigation. Further, Mr. Hanes is a Loudoun trial lawyer familiar with the Loudoun legal community. Mr. Edelman is not licensed to practice in Virginia, and he said nothing to indicate that he was familiar with Loudoun County attorneys and their hourly rates.

Accordingly, I give very little weight to Mr. Edelman's opinion and considerably more weight to Mr. Hanes' opinion. However, as explained later, I do not completely agree with all of Mr. Hanes' opinions.

The reasonableness of the attorney's fees should be determined on the basis of this litigation being brought in the Circuit Court of Loudoun County and being litigation that could be handled very competently by a trial attorney practicing in Loudoun County with a moderate amount of trial experience and charging an hourly rate similar to other similarly situated Loudoun trial lawyers. This litigation may not be that common, but it certainly is not so unusual or complex so as to require special expertise.

I find, as opined by Mr. Hanes, that an hourly rate of $175.00 is reasonable for this type of litigation. I must next determine what would be a reasonable amount of time needed to reasonably pursue this litigation for Davison.

Davison's request that a certain attorney charging over $300.00 per hour argue his motions is of no consequence in determining reasonableness. The indemnification statutes do not give Davison or his attorneys a "blank check" for whatever fees that Davison incurred with C & M. Davison may enter into

whatever agreement he may desire with C & M, but it does not make the fee arrangement reasonable under the statutes.

It is also of no consequence that Davison chose to be represented in the SEC proceeding by a firm that handles the indemnification litigation with many lawyers who review, re-review, and discuss every pleading, motion, letter, and every other aspect of the litigation with each other for many hours. It may be how C & M chose to handle this litigation, but it does not make it reasonable.

It makes no difference to me that FastComm's attorneys recommended C & M to Davison along with other attorneys or that a FastComm attorney went with Davison to C & M after he chose C & M to represent him. I feel that C & M had an obligation to explain to Davison that if the issue of his reasonable expenses for obtaining an indemnification order had to be litigated, then it would be litigated in Loudoun County where it would not be a foregone conclusion that the fees charged by C &.M would be deemed reasonable. It should have been explained that Davison could be personally liable for fees over and above that deemed reasonable by the Loudoun County Circuit Court.

The way to approach the reasonable fee and expense issue is to determine what a competent Loudoun County trial lawyer would have done to achieve the same results under the circumstances of this case.

Whether you consider the letter of Thomas G. Amon, counsel for FastComm, to Mr. Goldstein, dated December 6, 1995 (Plaintiff Exhibit 17), with the reference to a $5,000.00 payment to be a limitation on indemnification or an offer to settle or placing unacceptable conditions on indemnification, it is clear that FastComm was not going to agree to the indemnification required by the statutes. Yet Davison waited from December, 1995, to April, 1996, before this suit was filed and billed Davison about $4,000.00 for pre-litigation negotiation.

The extensive pre-litigation time is an example of how C & M attorneys spent excessive and unneeded time on this case. Another is the time spent to prepare the lengthy motion for judgment. Ms. Mauser and Mr. Goldstein spent approximately 26 hours preparing a 16-page motion for judgment. It is unconscionable for two $300.00-plus per hour attorneys to spent 26 hours preparing a motion for judgment many times longer than it needed to be. For that much time, I would expect the motion for judgment to be an outstanding example of good pleading. It is not. It is verbose and overly detailed. What does Rule 1:4(j) say is the outstanding characteristic of good pleading? The answer is "brevity." The same Rule says that any pleading should be a simple statement of the essential facts. The motion for judgment is another example of "over-preparing" by C & M attorneys. The motion for judgment is a

complex (not simple) statement of many (more than just the essential) facts. It is the type of pleading that Rule 1:4(j) seeks to prevent.

There is no need to go through all the other examples of excessive time spent by C & M attorneys on other aspects of this suit except merely to list some of them. They are memoranda not required or requested by the Court, the initial summary judgment motion that was clearly not appropriate under Rule 3:18, and the number of lawyers (seven) reviewing each other's work. There are more examples of "over-lawyering" and "over-trying" of this case.

Contrary to Davison's assertion, this was not complex litigation. The law is not complex. The facts are not complex. It became complex only because of the excessive hours spent by C & M lawyers on this case.

Mr. Hanes suggests that the excessive hours are a result of Davison's desire to retaliate against FastComm by getting it to indemnify him for a large amount of attorney's fees. I do not completely agree. While I feel that Davison's attitude had some effect (see the large number of conferences with him billed by C & M), I feel that the excessive hours are merely the normal practice for C & M. This may be normal for complex commercial or federal law litigation in a federal court or the Superior Court in the District of Columbia, but it is not in the Loudoun County Circuit Court.

I feel that the hours spent by C & M are typical of any litigation handled by its attorneys because of the way they presented this case. I would venture to say that a Loudoun County lawyer would have been completely unable to keep his composure if he had to argue a request for over $50,000.00 in attorney's fees in a case such as this one. However, Davison's attorneys argued, and his experts testified, just as if this were a case argued every day.

Davison chose to litigate in Loudoun County. I do not feel that this Court should set a reasonable fee for litigation in Loudoun County based on what his attorneys from the District of Columbia normally charge and courts in that jurisdiction normally approve.

After consideration of the evidence and all the circumstances of this case, I find that a reasonable fee for obtaining the order of indemnification is as follows:

(1) *Prior to preparation of the motion for judgment*

Consult with Davison and C & M attorneys about the SEC proceedings; research the SEC proceedings; explore possible settlement with FastComm; research indemnification law. 10 hours.

*(2) Prepare and file motion for judgment*

2 hours.

*(3) FastComm's Plea in Bar*

Research for, prepare for, and argue Plea in Bar. Note that this is the only time needed even though FastComm's Plea in Bar did not clearly follow Virginia procedure. 6 hours.

*(4) FastComm's Discovery*

Answer the discovery propounded by FastComm; prepare motion for protective order because of Davison's motion for summary judgment. FastComm did propound extensive discovery. 15 hours.

*(5) Davison's Discovery*

Propound discovery to FastComm, primarily to establish the basic facts, e.g., authenticity of documents, for summary judgment motion. 5 hours.

*(6) Summary Judgment Motion*

Draft, prepare for, and argue the summary judgment motion; prepare order sustaining motion. Note that this needed to be done only once. As stated above, the first summary judgment motion by Davison was inappropriate under Rule 3:18. 6 hours.

*(7) Attempts to Settle the Fee Issue*

Correspondence and negotiation in an attempt to settle the amount of indemnification. 10 hours.

*(8) Hearing as to Indemnification Fees*

Prepare for hearing; consult with expert; this hearing (which lasted about 5 hours on January 7, 1997, and 2.5 hours on January 9, 1997). 20 hours.

The above totals 74 hours. At $175.00 per hour, the fees total $12,950.00.

Also, I agree with Mr. Hanes that an attorney with expertise in simple Loudoun County litigation could have been secured for $1,500.00 for his expert testimony. And, further, I find that Davison should be reimbursed for the balance of the expenses billed by C & M not attributed above to the SEC investigation.

Therefore, FastComm shall pay as reasonable expenses to Davison for obtaining the order of indemnification the following:

| For | Amount |
|-----|--------|
| Attorney's Fees | $12,950.00 |
| Expert Witness Fee | 1,500.00 |
| Other Expenses ($5,944.16 less $2,543.78) | 3,450.38 |
| TOTAL | $17,900.38 |

It is irrelevant that FastComm never asked to see a C & M invoice until after this suit was filed or that it was aware of Davison's retainer agreement with C & M or that FastComm never complained about C & M's rates because the statutes require the Court to determine reasonable expenses. The statutes do not allow Davison indemnification for his actual expenses.

I do not agree that it is more cost-efficient for this litigation to be handled by the same firm handling the SEC proceeding. I would agree if C & M had charged a reasonable fee for reasonable hours consistent with a competent Loudoun County practitioner. It would not be difficult for such a Loudoun lawyer to learn all he needed to know about the SEC proceeding in order to competently handle this suit.

C & M seems to feel that I am impressed because of all the time it wrote off in preparation for Davison's fee request. I am not because the fees not written off are unreasonably excessive.

All the C & M attorneys involved in the SEC proceeding and this litigation are clearly competent, capable, and experienced. The excessive duplicative time and the high fees completely out of line for Loudoun County are just unreasonable for this simple litigation in this county.