## CIRCUIT COURT OF FAIRFAX COUNTY

AC Technology, Inc.

v.

Morris

February 26, 1999

Case No. (Law) 169613

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on the plaintiff's motion for an award of attorneys' fees following a jury verdict. At trial of this matter, the parties agreed to bifurcate the claim of attorneys' fees from the merits of the case otherwise heard and determined by the jury and to allow the court to decide the issue of attorneys' fees. At argument on that issue on February 5, 1999, the plaintiff provided an affidavit in support of its request for attorneys' fees and costs totaling just under $20,000.00.

Plaintiff relies upon the employment agreement at issue, which provides that "[i]f legal action is required to insure compliance [with the agreement], then [defendant] will pay [plaintiff's] costs of such suit or proceeding, including attorney's fees." Defendant objects to my considering the affidavit in support of attorneys' fees on the grounds that there was no opportunity to cross-examine the affiant. Defendant further relies upon the fact that plaintiff filed its action on March 2, 1998, seeking $40,784.50 in damages (plus interest, costs, and attorneys' fees) and that by letter of March 25, 1998, defendant offered to pay $6,515.62 in settlement "[i]n order to limit all parties' attorneys' fees and their respective claims to recover those fees from the other side." Given that the jury's verdict in favor of plaintiff was for $6,515.62 (the precise amount that the defendant had offered in settlement a few weeks after

suit was filed), plus pre-judgment interest, defendant contends that any award of attorneys' fees should be limited to the amount incurred by the plaintiff before the settlement offer was made (approximately $1,500.00).

While expert testimony is typically needed to aid a fact finder in determining the reasonableness of a request for attorneys' fees, such testimony is not required in every case. *Mullins v. Richlands National Bank*, 241 Va. 447, 449 (1991). Where the authorization for recovery of attorneys' fees is clear, affidavits and detailed time records when unrefuted by countervailing evidence may be sufficient to justify an award of costs and attorneys' fees. *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 111-12 (1992). I find that plaintiff's affidavit suffices in this case as a basis for awarding attorneys' fees and costs.[1] The more difficult question is a reasonable amount under the circumstances presented here. In determining reasonable attorneys' fees, "the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered and other attending circumstances." *Mullins*, 241 Va. at 449. Defendant's settlement offer shortly

---

[1] By Status Conference Order entered May 21, 1998, Plaintiff and Counter-Plaintiff were required to designate any expert witnesses on or before ninety days prior to trial. Plaintiff designated no expert witness to testify on the issue of attorneys' fees. Defendant objected to plaintiff's affidavit in support of attorneys' fees at the February 5, 1999, hearing not on the grounds that it constituted expert testimony but for lack of opportunity to cross-examine the affiant. It is unclear from *Tazewell Oil* whether an affidavit regarding attorneys' fees that is objected to on the grounds of hearsay may even be considered by the trial court. Admittedly, an exception to the hearsay rule under these circumstances may well be difficult to justify. Should the hearsay rule preclude consideration of the affidavit, no recovery of attorneys' fees could be allowed here.

after suit was filed is among "attending circumstances" to be considered in this case.

Taking into account all of the evidence, factors, and circumstances surrounding this matter, I award the plaintiff $2,000.00 in attorneys' fees, plus costs of $124.00 (filing fees).