JUSTICE KINSER, with whom JUSTICE KOONTZ
joins, dissenting.
I am not persuaded that the indemnification clause of the “Consulting Agreement” between Jerry J. Coady and Strategic Resources, Inc. (SRI), is applicable in the factual context of this case. Moreover, even if the indemnification clause applies as the majority concludes, I would reverse the circuit court’s award of attorney’s fees to SRI *20 because I believe that the circuit court abused its discretion in awarding a reasonable fee.
In Mullins v. Richlands Nat’l Bank, 241 Va. 447, 403 S.E.2d 334 (1991), we said that, in determining a reasonable fee, a court should consider several factors, including “the effort expended, the nature of the services rendered, and other attending circumstances.” Id. at 449, 403 S.E.2d at 335. In the present case, these factors do not support the award of attorney’s fees in an amount that almost equaled that of Coady’s claim for services rendered. The general district court dismissed both the warrant in debt and the counterclaim on the basis of accord and satisfaction. SRI waited until just prior to the commencement of the trial in that court to present its motion to dismiss. The grounds for the motion were not complicated, and the motion could have been presented with minimal effort before SRI filed its counterclaim.
For these reasons, I conclude that the circuit court abused its discretion with regard to the amount of attorney’s fees awarded to SRI and, therefore, respectfully dissent from that part of the majority opinion affirming the award of attorney’s fees to SRI.