JUSTICE KINSER, with whom JUSTICE HASSELL
joins, concurring in part and dissenting in part.
I respectfully dissent from the majority’s decision with regard to the issue of attorneys’ fees. While I recognize that this Court should reverse an award of attorneys’ fees only when the trial court has abused its discretion, see Coady v. Strategic Resources, Inc., 258 Va. 12, 18, 515 S.E.2d 273, 276 (1999), I am convinced that such an abuse occurred in this case.
Teronnie Holmes presented detailed records in support of his request for attorneys’ fees in the amount of $18,532. Holmes also submitted an affidavit from an attorney experienced in the area of consumer rights litigation, who opined that the amount of time expended on this case and the hourly fees charged were reasonable, necessary, and fair. LG Marion Corporation presented no countervailing evidence, but only argued that some of the hours billed were unnecessary. LG Marion characterized the requested amount of attorneys’ fees as “perhaps the biggest travesty of this case, that it is three times the cost of the car.”
Based on this evidence, the circuit court concluded that the amount requested was “unreasonable.” However, the court did not make any factual findings but merely stated, “I feel like the money store. ... I think it is . . . shameful to have to spend $20,000 on a case of this nature.” While I do not necessarily disagree with the circuit court’s comments, I do not consider the statements to be a proper evaluation of the attorneys’ fees requested by Holmes. In Mullins v. Richlands Nat’l Bank, 241 Va. 447, 403 S.E.2d 334 *484 (1991), we said that “[i]n determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.” Id. at 449, 403 S.E.2d at 335. See also Tazewell Oil Co., Inc. v. United Virginia Bank/Crestar Bank, 243 Va. 94, 112, 413 S.E.2d 611, 621 (1992). I cannot determine from the record whether the circuit court considered any of these factors.
Nevertheless, the majority concludes that the circuit court did not limit the amount of attorneys’ fees awarded to an amount equal to the amount of Holmes’ actual damages. Absent evidence of a reasoned analysis by the circuit court of the amount of the requested fees, the only inference that I can draw from the record is that the circuit court did limit the amount of attorneys’ fees to the amount of damages awarded to the Holmes. An award of attorneys’ fees calculated in that manner is improper. See Riverside v. Rivera, 477 U.S. 561, 575-79 (1986) (rejecting contention in civil rights action that attorneys’ fees should be proportional to damages awarded because attorneys should be encouraged to represent persons with legitimate civil rights complaints); Cieri v. Leticia Query Realty, Inc., 905 P.2d 29, 48 (Haw. 1995) (in action under state consumer protection act, “the amount of fees need not be restricted to the amount of actual damages”); Bittner v. Tri-County Toyota, Inc., 569 N.E.2d 464, 465 (Ohio 1991) (“rejecting] the contention that the amount of attorney fees awarded . . . must bear a direct relationship to the dollar amount of” damages in action under state consumer protection act).
For these reasons, I conclude that the circuit court abused its discretion and therefore respectfully dissent. However, I join the majority opinion with regard to the other issues presented in this appeal.