UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Friedman and Callins
Argued at Leesburg, Virginia

SOBIA AHMED

MEMORANDUM OPINION[*] BY
v.        Record No. 0185-23-4            JUDGE RANDOLPH A. BEALES
APRIL 2, 2024

IMPERIAL AUTO, LLC

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Robert P. Coleman, Judge

William D. Ashwell (Ashwell & Ashwell, PLLC, on brief), for
appellant.

Thomas R. Breeden (Thomas R. Breeden, P.C., on brief), for
appellee.

Sobia Ahmed appeals the judgment of the Circuit Court of Prince William County awarding

Imperial Auto, LLC, damages for breach of contract.  On appeal, Ahmed argues that Imperial Auto

first breached the parties' agreement by failing to perfect a lienholder interest, thereby barring

Imperial Auto from its requested relief.  Ahmed also argues that the evidence was insufficient as a

matter of law to support the trial court's judgment.

I.  BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most

favorable to the prevailing party, granting it the benefit of any reasonable inferences."  *Nielsen v.*

*Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Consequently, we recite the facts in the light most favorable to Imperial Auto, the party prevailing

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

in the trial court. *See Gov't Micro Res., Inc. v. Jackson*, 271 Va. 29, 35 (2006) (citing *City of Lynchburg v. Brown*, 270 Va. 166, 168 (2005)).

Imperial Auto is in the business of buying and selling motor vehicles. On May 6, 2021, Ahmed signed and executed a buyers order with Imperial Auto to purchase a 2016 Land Rover Range Rover (the "vehicle") and financed the transaction through a retail installment sales contract (the "contract"). The contract required Ahmed "to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract." The contract also required that the "insurance must cover our [Imperial Auto's] interest in the vehicle. You [Ahmed] agree to name us [Imperial Auto] on your [Ahmed's] insurance policy as an additional insured and as loss payee." Under the terms of the contract, Ahmed further agreed to pay Imperial Auto the balance owed under the contract "even if the vehicle is damaged, destroyed, or missing."

As part of the contract, Imperial Auto assigned without recourse its interest in the contract to Capital One Auto Finance ("Capital One"). Ahmed signed an insurance coverage acknowledgement in which she agreed to name Capital One as the loss payee. The insurance coverage acknowledgment expressly provided, "I [Ahmed] also understand that the holder of the Contract [Capital One] must be named as the loss payee and that the failure to maintain said insurance coverage may be an event of a default under the Contract." Although Ahmed did, in fact, obtain physical damage insurance for the vehicle through Travelers Property Casualty Insurance Company ("Travelers"), she did not name Capital One as an additional insured or as a loss payee on her insurance policy, as required under the contract. Rather, the Travelers insurance policy listed only Ahmed and her former boyfriend, Muhammad Alisherzai, as insureds.

In June 2021, less than two months after Ahmed's transaction with Imperial Auto, Alisherzai was driving the vehicle and was involved in a collision. Ahmed's insurance company declared the vehicle a total loss after the accident. Alisherzai then settled the claim with Ahmed's

insurance company as he was a named insured on the policy. Ahmed maintains that Alisherzai personally received the insurance proceeds in the amount of $57,967.24 and retained the entire amount for his own benefit.

At some point, Imperial Auto became aware that the lien on the vehicle was not properly recorded. Imperial Auto contacted Ahmed, at which time Imperial Auto learned that the vehicle had been totaled in the accident. Imperial Auto informed Ahmed that she still needed to pay the lienholder, Capital One, under the terms of the contract because she was still responsible for the loan, even though she did not personally receive the insurance proceeds. Following the vehicle accident, Ahmed did not pay off the balance of her obligation under the contract and failed to make any additional monthly payments as required under the contract.

As a result of the vehicle being totaled, Capital One demanded full payment under the contract from Imperial Auto. Imperial Auto complied and sent a payment to Capital One for the balance owed under the contract, at which point Capital One reassigned and transferred "all rights, title, and interest" under the contract back to Imperial Auto. Capital One's reassignment to Imperial Auto included "all right, title and interest to any insurance policies or insurance proceeds purchased, endorsed, or obtained under the terms of the Contract." Capital One then informed Ahmed that Imperial Auto had purchased the contract and that Imperial Auto was now the lienholder of the contract for the vehicle.

On April 6, 2022, Imperial Auto filed its complaint in the Circuit Court of Prince William County against Ahmed for breach of contract, alleging that Ahmed's "failure to name the creditor as an additional insured or as a loss payee on her insurance was a breach" of the contract. Imperial Auto also claimed that Ahmed breached the contract by failing to make the required monthly payments. Imperial Auto sought judgment in the amount of $57,213.59, plus interest, and attorney fees. Ahmed then filed her answer and amended answer to Imperial Auto's complaint,

- 3 -

acknowledging that Capital One was not named as an additional loss payee on her insurance policy for the vehicle.

The parties convened for a bench trial on November 21, 2022. After considering the parties' evidence and arguments, the trial court found that "the sales contract did have a clear provision for naming Capital One as, quote, an additional insured and loss payee. The defendant likewise acknowledged that this did not occur." The trial court further found that Ahmed "was not operating the vehicle at the time of the accident" and that "she did not receive any proceeds from the loss that took place." The trial court concluded, however, that although Ahmed "has a cause of action against Mr. Alisherzai for fraud or conversion," Ahmed still "has a contractual obligation pursuant to the contracts that she entered into." Consequently, the trial court entered judgment in favor of Imperial Auto in the amount of $56,708.87, plus interest, as well as $17,142.33 in attorney fees and $587.98 in court costs. Ahmed now appeals to this Court.

## II. ANALYSIS

### A. Judgment of the Trial Court

On appeal to this Court, Ahmed argues, "The trial court erred in finding for the Plaintiff, as the Plaintiff breached its obligations under the subject agreements and otherwise failed to perform under the agreements in order to afford itself relief." Specifically, Ahmed contends that Imperial Auto breached the contract first by failing to record Capital One as a secured party on the vehicle's title, thereby violating its alleged duty under the contract. Ahmed also argues, "The trial court erred in finding for the Plaintiff as the evidence adduced at trial . . . was insufficient to afford the Plaintiff the relief granted by the trial court and the evidence was insufficient as a matter of law."

The Supreme Court has stated, "A circuit court judgment 'shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.'" *Davis v. Davis*, 298 Va. 157, 167 (2019) (quoting Code § 8.01-680). In reviewing the trial court's

judgment, "[w]e give the findings of fact made by a trial court that heard the evidence and evaluated the credibility of the witnesses at a bench trial the same weight as a jury verdict." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 287 (2022) (alteration in original) (quoting *Collins v. First Union Nat'l Bank*, 272 Va. 744, 749 (2006)).

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 323 (2015). "In a breach of contract claim, the parties' contract becomes the law governing the case unless it is repugnant to some rule of law or public policy." *Palmer & Palmer Co., LLC v. Waterfront Marine Const., Inc.*, 276 Va. 285, 289 (2008). When reviewing a contract, "the contract is to be 'construed as written, without adding terms that were not included by the parties.'" *Dewberry & Davis, Inc. v. C3NS, Inc.*, 284 Va. 485, 495 (2012) (quoting *PMA Capital Ins. Co. v. US Airways, Inc.*, 271 Va. 352, 358 (2006)). Thus, "[c]ourts will not rewrite contracts; parties to a contract will be held to the terms upon which they agreed." *Id.* at 496 (alteration in original) (quoting *The Bank of Southside, Virginia v. Candelario*, 238 Va. 635, 640 (1989)).

The Supreme Court has explained, "The first party to materially breach a contract cannot enforce it." *Denton v. Browntown Valley Associates, Inc.*, 294 Va. 76, 88 (2017) (citing *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 154 (2001)). If an "initial breach is material, the other party to the contract is excused from performing his contractual obligations." *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 730 (2012) (quoting *Horton v. Horton*, 254 Va. 111, 116 (1997)). A breach is material if it is "a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Id.*

Here, a plain reading of the buyers order and the contract reveals that neither document contained a provision requiring Imperial Auto to record Capital One as a secured party on the

vehicle's title. Despite Ahmed's contention that Imperial Auto "had the obligation to appropriately record Capital One as a lienholder at the time title transferred and failed to do so," Imperial Auto was, in fact, under no legally enforceable obligation to record the lien on the vehicle's title.[1] Rather, the contract explicitly required Ahmed to name Capital One "as an additional insured and as loss payee" on her insurance policy for the vehicle, which Ahmed clearly failed to do. Not only did Ahmed breach the contract by not listing Capital One as an additional insured and as loss payee on her insurance, but she again breached the contract by failing to make payments on the loan after her vehicle was totaled. Consequently, given that Imperial Auto did not have a contractual duty to record Capital One as a secured party on the vehicle's title, Imperial Auto did not commit a material breach of the contract that would excuse Ahmed from performing her own contractual obligations.

In addition, the evidence adduced at trial was sufficient to support the trial court's judgment in favor of Imperial Auto. Ahmed signed and executed the buyers order, the contract, and the insurance coverage acknowledgment on May 6, 2021. All three documents were admitted into evidence. Ahmed's insurance identification card was also admitted into evidence showing Ahmed and Alisherzai as named insureds under the policy. However, Ahmed never added Capital One as an additional insured or as a loss payee on the insurance policy, thereby breaching one of her material obligations under the contract. Although Ahmed offered evidence that Alisherzai received the entire insurance proceeds after he totaled the vehicle, that fact did not relieve Ahmed's obligations under the contract. Therefore, we certainly cannot say that the trial court's judgment in favor of Imperial Auto was plainly wrong or without evidence to support it.

---

[1] Even if Imperial Auto should have named Capital One as the assigned lienholder on the contract, Capital One reassigned its interest in the contract back to Imperial Auto for the full balance due on the loan. In doing so, Imperial Auto stepped into the creditor's shoes and could demand payment from Ahmed of the balance due under the terms of the contract. Ahmed remained responsible for making payments under the contract.

B.  Appellate Attorney Fees

Both parties request attorney fees incurred in this appeal.  The Supreme Court has repeatedly held that parties may "draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute."  *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006) (citing *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 449 (1991)).  In this case, the section of the parties' contract titled "IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES" expressly provides, "You may have to pay collection costs.  If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.  You will also pay any collection costs we incur as the law allows."  As discussed *supra*, the record before us is clear that Ahmed was in breach of the contract in at least two important ways.  Therefore, under the parties' contract, Ahmed bears the burden to pay reasonable attorney fees.  Consequently, we remand to the trial court to set a reasonable award of attorney fees incurred by Imperial Auto during this appeal.  Rule 5A:30(b)(2).

III.  CONCLUSION

For all of the foregoing reasons, we affirm the trial court and remand this case to the trial court only for an award of the appropriate amount of appellate attorney fees, which also should include any additional attorney fees incurred at the remand hearing.

*Affirmed and remanded*.