Present:  All the Justices

JERRY J. COADY
                                        OPINION BY
v.  Record No. 981857      CHIEF JUSTICE HARRY L. CARRICO
                                        June 11, 1999
STRATEGIC RESOURCES, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

This appeal involves a "Consulting Agreement" entered into on April 22, 1996, between Strategic Resources, Inc. (SRI) and Jerry J. Coady (Coady) whereby SRI retained Coady as a consultant to perform services at a rate of $50.00 per hour in connection with "SRI's contract with the Food and Drug Administration (FDA) Center for Drug Evaluation and Research." The focus of the controversy is this provision of the Consulting Agreement:

> CONSULTANT shall indemnify SRI . . . and hold [it] harmless from any and all claims, suits, proceedings, costs, losses, expenses, damages and liabilities, including but not limited to attorney's fees and court costs, caused by or arising out of, or in connection with, CONSULTANT'S performance or non-performance under this Agreement.

The record shows that Coady submitted an invoice to SRI for his work during the month of September 1996 in the amount of $7,700.71.  SRI refused to pay the amount billed and sent Coady a check in the amount of $3,350.95 accompanied by a letter dated January 13, 1997, stating as follows:  "This check covers all approved hours and expenses for all projects per our

discussions. This will now settle your account with SRI."

Coady wrote on the front of the check "Accepted as Partial Payment Balance due $3450.00." On the back, he endorsed the check "For Deposit Only" and below his signature wrote "Accepted as partial payment of account."

Coady requested payment of the $3,450.00, but SRI refused. On July 22, 1997, Coady filed a warrant in debt against SRI in the General District Court of Fairfax County alleging that SRI owed him $3,450.00 plus interest, costs, and attorney's fees for services performed under their contract. SRI answered the warrant in debt and also filed a counterclaim alleging breach of contract and breach of warranty on Coady's part and requesting damages in the amount of $30,000.00.

Prior to commencement of the trial in the district court, SRI moved to dismiss the warrant in debt on the ground of accord and satisfaction. The court dismissed both the warrant and the counterclaim "on the basis that an accord and satisfaction had been reached by the parties pursuant to Section 8.3A-311 of the Code of Virginia."[1]

---

[1] In pertinent part, Code § 8.3A-311 provides that "[i]f a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument . . . the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written

With leave of the district court, SRI subsequently filed a motion for attorney's fees based upon the indemnification provision of the Consulting Agreement.  The court allowed SRI $3,228.00 in attorney's fees, and Coady appealed this award to the Circuit Court of Fairfax County.  In its final order, the circuit court awarded SRI the same amount in attorney's fees and an additional $305.00 for the fee of an expert witness SRI presented in the circuit court.  We awarded Coady this appeal.

In an argument that ignores the indemnification clause of the Consulting Agreement, Coady cites three of our earlier decisions applying what is now Code § 17.1-604, which allows the recovery of costs in this Court by the "party substantially prevailing."[2]  Those decisions recognize the principle that when a case becomes moot while an appeal is pending, the controversy ceases to exist and there is no prevailing party.  Coady asserts that because the claims of both the parties in this case were dismissed in district court on the ground of accord and satisfaction, the "controversy ceased to exist" and there was no

---

communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."

[2] The cases cited by Coady are Ficklen v. City of Danville, 146 Va. 426, 131 S.E. 689, reh'g denied, 146 Va. 436, 132 S.E. 705 (1926), Wallerstein v. Brander, 136 Va. 543, 118 S.E. 224 (1923), and Branscome v. Cunduff, 123 Va. 352, 96 S.E. 770 (1918).

prevailing party.  Hence, Coady concludes, neither party should be liable for the other's attorney's fees and costs.

Further, quoting United States v. One Bally Golden Gate, 225 F.Supp. 552 (W.D. Va. 1964), Coady argues that the "`general principle of Anglo-Saxon jurisprudence has always been that the loser of a lawsuit had to pay the taxable court costs but that other costs incurred by the winner (legal fees, expert witness fees, etc.) are not such costs as can be charged to the loser.'" Id. at 554.  Finally, Coady argues that under Code § 14.1-178 (now Code § 17.1-601), "the party for whom final judgment is given in an action or motion shall recover his costs against the opposite party."  Here, Coady says, "neither party obtained a judgment against the other in the underlying cases and, therefore, neither should be granted costs against the other."

The difficulty with these arguments is that the outcome of this case is controlled not by the statutes Coady cites or Anglo-Saxon jurisprudence but by the indemnification clause of the Consulting Agreement.  There is nothing in the language of the indemnification clause that hinges the allowance of attorney's fees and costs upon a determination whether SRI was the prevailing party or not, was a winner or not, or was given a final judgment or not.  The allowance depends upon whether the attorney's fees and costs SRI claimed were "caused by or [arose]

4

out of, or in connection with, [Coady's] performance or non-performance under" the Consulting Agreement.

But, Coady argues, "[t]he indemnification clause in this contract does not mean that the party agreeing to indemnify the other is indemnifying it from a suit to enforce the provisions of the contract."  The answer to this argument is found in Chesapeake & Potomac Telephone Co. v. Sisson & Ryan, Inc., 234 Va. 492, 362 S.E.2d 723 (1987).  There, the telephone company (C & P) entered into an agreement with a contractor (S & R) for the site work incident to the construction of several buildings.  When one of the buildings collapsed, C & P sued S & R for its damages and also made a claim for its attorney's fees.  The trial court denied the fee claim, and C & P appealed.  The contract between the parties contained this provision:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the Work. . . .

Id. at 501, 362 S.E.2d at 728.  S & R contended that the indemnification provision was "one of indemnity against liability for property damage sustained by third parties" and that "indemnification does not operate between parties to a contract in a dispute involving those parties."  Id. at 502, 362 S.E.2d at 728.  Dismissing this argument and holding that C & P

5

was entitled to recover its attorney's fees, we said: "We are committed to the view that parties may contract as they choose so long as what they agree to is not forbidden by law or against public policy. S & R contracted . . . to pay C & P's attorneys' fees in certain situations, and we think the present situation falls fairly within the terms of that agreement." Id. at 503, 362 S.E.2d at 729.

The remaining question, therefore, is whether SRI's attorney's fees and costs were "caused by or [arose] out of, or in connection with, [Coady's] performance or non-performance under" the Consulting Agreement. (Emphasis added.) Coady says that his original warrant in debt was not a proceeding in connection with his performance or non-performance but rather one in connection with SRI's non-performance, i.e., not paying Coady for the services he rendered. Coady also says that although SRI's counterclaim alleged his non-performance, the counterclaim was dismissed and decided in his favor and, accordingly, "the indemnity cannot be construed to apply to the Counterclaim either because it certainly cannot include claims by SRI against Coady in which SRI is not successful."

For Coady to say that his original warrant in debt was not a proceeding in connection with his performance or non-performance under the Agreement is pure sophistry. While the warrant did not mention Coady's performance or non-performance

6

as such, he cannot deny that what he sought recovery for in the warrant was his performance under the Agreement during the month of September 1996, as shown by a bill of particulars he filed. If that did not make the warrant proceeding one in connection with Coady's performance or non-performance, the answer and grounds of defense SRI filed to the warrant certainly did. SRI not only denied liability for Coady's claim but also asserted as grounds of defense unclean hands, fraud, misrepresentation, breach of contract, and lack of authorization, all obviously related to Coady's performance or non-performance under the Consulting Agreement.

The terms of the indemnification clause are broad and all-encompassing. The clause permits of no conclusion other than that SRI's attorney's fees were incurred in connection with Coady's performance or non-performance under the Agreement.

Coady contends, however, that "[a]ttorney's fees of $3,228.00 are not reasonable and necessary in a case where the defendant is being sued for $3,450.00." Coady says that, although the hourly rate of SRI's attorney is reasonable, "the amount of hours spent to defend a claim of $3,450.00 is not reasonable." Coady states that the case was heard in general district court on SRI's motion to dismiss on the ground of accord and satisfaction in approximately fifteen minutes; had SRI filed the motion immediately after the warrant in debt was

7

served, all the necessary preparation for trial could have been avoided. Coady says that the fact "this motion was not filed makes the amount of attorney's fees unreasonable and unnecessary."[3]

We disagree with Coady. An award of attorney's fees rests within the sound discretion of the trial court. Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). In Mullins v. Richlands National Bank, 241 Va. 447, 403 S.E.2d 334 (1991), we said:

> Where [a contract] provide[s] for attorney's fees, but [does] not fix the amount thereof, a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. . . . In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. . . . Ordinarily, expert testimony will be required to assist the fact finder.

Id. at 449, 403 S.E.2d at 335.

Here, the trial court heard the testimony of SRI's president and an expert witness called by SRI. The expert testified that "the amount of the attorney's fees was necessary

---

[3] Coady asserts on brief that SRI's "statement of attorney's fees also included time to establish the right of indemnity" and that SRI should not have received an allowance of fees for such time. SRI has not included the statement of attorney's fees in the appendix, but, assuming the statement did include time for establishing the right of indemnity, we find no objection by Coady to the allowance on that ground. Rule 5:25.

8

and reasonable." In addition, the court had available to it the time records submitted by SRI's counsel. Coady submitted no countervailing evidence. Under the circumstances, we cannot say that the trial court abused its discretion in fixing the amount of attorney's fees it awarded to SRI.

Finally, Coady objects to the trial court's allowance of $305.00 as a fee for SRI's expert witness. Coady says there was no prayer for expert witness fees in SRI's counterclaim filed in general district court and, therefore, that it cannot be recovered.

SRI says it did not move for expert witness fees in the general district court because it did not employ an expert witness in that proceeding. SRI states, however, that it "moved for its expert witness fees at the outset of the trial in the Circuit Court and the issue was fully litigated between the parties." SRI also says "that it is within the discretion of the trial court to allow amendments of pleadings, including a party's ad damnum, at <u>any</u> <u>time</u> before a verdict is rendered."

This suggests that SRI sought and was granted an amendment. However, there is nothing in this record resembling a motion for amendment or an order allowing an amendment. Furthermore, the record discloses no motion by SRI for expert witness fees at the outset of the trial in the circuit court or at any other time. Accordingly, we will disallow the award of $305.00 to SRI for

9

the fee of its expert witness.  "In Virginia, a plaintiff cannot recover more than he sues for though he can recover less." Powell v. Sears, Roebuck & Co., 231 Va. 464, 469, 344 S.E.2d 916, 919 (1986).

Accordingly, we will reverse the award of $305.00 to SRI for the fee of its expert witness, affirm the award to SRI of attorney's fees in the amount of $3,228.00, and enter final judgment in favor of SRI for the latter amount.

Affirmed in part,
reversed in part,
and final judgment.

JUSTICE KINSER, with whom JUSTICE KOONTZ joins, dissenting.

I am not persuaded that the indemnification clause of the "Consulting Agreement" between Jerry J. Coady and Strategic Resources, Inc. (SRI), is applicable in the factual context of this case. Moreover, even if the indemnification clause applies as the majority concludes, I would reverse the circuit court's award of attorney's fees to SRI because I believe that the circuit court abused its discretion in awarding a reasonable fee.

In Mullins v. Richlands Nat'l Bank, 241 Va. 447, 403 S.E.2d 334 (1991), we said that, in determining a reasonable fee, a court should consider several factors, including "the effort expended, the nature of the services rendered, and other

10

attending circumstances." Id. at 449, 403 S.E.2d at 335. In the present case, these factors do not support the award of attorney's fees in an amount that almost equaled that of Coady's claim for services rendered. The general district court dismissed both the warrant in debt and the counterclaim on the basis of accord and satisfaction. SRI waited until just prior to the commencement of the trial in that court to present its motion to dismiss. The grounds for the motion were not complicated, and the motion could have been presented with minimal effort before SRI filed its counterclaim.

For these reasons, I conclude that the circuit court abused its discretion with regard to the amount of attorney's fees awarded to SRI and, therefore, respectfully dissent from that part of the majority opinion affirming the award of attorney's fees to SRI.