Present: All the Justices

TERONNIE HOLMES

v. Record No. 982638    OPINION BY JUSTICE ELIZABETH B. LACY
                              November 5, 1999
LG MARION CORPORATION

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                        Frank A. Hoss, Jr., Judge

     In this appeal, Teronnie Holmes challenges the amount of

the damage and attorneys' fee awards entered in his favor

against LG Marion Corporation (LG Marion) for a willful

violation of the Virginia Consumer Protection Act (VCPA), Code

§§ 59.1-196 through -207.  Holmes also asserts that the trial

court erred in striking Holmes' claim for a violation of the

Magnuson-Moss Warranty Act (the Warranty Act), 15 U.S.C.

§ 2301, et seq. (1996).  We will affirm the judgment of the

trial court because we conclude that the trial court did not

abuse its discretion in determining the amount of the

attorneys' fee award or in refusing to enhance the amount of

actual damages pursuant to Code § 59.1-204.  Although the

trial court erred in striking Holmes' claim for a violation of

the Warranty Act, such error was harmless.

     On March 21, 1996, Holmes purchased a 1989 Isuzu Impulse

Turbo automobile from LG Marion.  The Isuzu had previously

been owned by Rian Kirkman.  In 1993, when Kirkman purchased

the vehicle for $5,790, the odometer showed 27,941 miles.

According to Kirkman, the vehicle leaked oil "like a sieve,"

emitted white smoke from the tailpipe, the transmission made noises, and he had performed little maintenance on the vehicle. In 1996, Kirkman sold the vehicle to Tyson's Ford for a trade-in cash value of $1,600. LG Marion purchased the vehicle from Tyson's Ford for $2,100.

Prior to his purchase, Holmes visited the dealership and test drove the vehicle with Marion Cloud, the owner and principal salesman of LG Marion. Holmes asked Cloud about a "whining noise" coming from the vehicle. Cloud told Holmes the noise was the sound of the turbo-charged engine. Holmes again asked about the "whining noise" when he returned to purchase the vehicle, and was again told that it was the sound of the engine.

Holmes paid $5,695 for the vehicle and $795 for the "Wynn's Product Warranty Program." This program was described as a "limited warranty agreement" between Holmes and Wynn Oil Company. It provided for reimbursement to Holmes by Wynn of up to $3,000 for certain costs incurred to repair or replace parts for two years following the purchase of the vehicle. Holmes also received a "Buyers Guide" indicating that the vehicle was being sold without a service contract and "as is;" however, Holmes was not asked to and did not sign an acknowledgement in the "Buyer's Guide" stating that the vehicle was sold "as is." At the time Holmes purchased the vehicle, the odometer showed 83,945 miles.

Within a few days of the purchase, while changing the oil in the vehicle, Holmes discovered that the oil had turned black. Following a trip to Kentucky in early April, the vehicle began to emit smoke, make noises, shake, and use large quantities of oil. According to Holmes, the vehicle ran "like a lawnmower." LG Marion refused Holmes' request to repair the vehicle. At this point, the odometer showed over 89,700 miles. In May, Holmes took the vehicle to an Isuzu dealership and was told that the whining noise came from the transmission, and that the engine, transmission, and exhaust systems required overhaul or replacement. The dealership estimated the cost of these repairs to be at least $5,000. Holmes did not seek repair under the Wynn's Product Warranty Program. The vehicle subsequently stopped running.

Holmes filed a motion for judgment against LG Marion alleging a violation of the Warranty Act, common law fraud, constructive fraud, violations of the VCPA, and breach of contract. At a bench trial, following presentation of Holmes' liability evidence, the trial court granted LG Marion's motion to strike Holmes' claim under the Warranty Act. At the close of all evidence, the trial court awarded Holmes $4,000 in actual damages, and found that LG Marion had willfully violated the VCPA by misrepresenting the condition of the vehicle to Holmes prior to the sale. The trial court denied Holmes' motion seeking reconsideration of its ruling striking

3

his Warranty Act claim and refusing to increase the damage award under Code § 59.1-204(A) of the VCPA.

Following this ruling, the parties presented further evidence and argument to the trial court on Holmes' request for $18,532 in attorneys' fees, $1,389.81 in costs, pursuant to Code §§ 59.1-204(B), 14.1-178, and -198, and $2,757.30 in attorneys' fees and costs as sanctions under Rule 4:12(c).[1] The trial court awarded Holmes $4,000 in attorneys' fees pursuant to Code § 59.1-204(B), and $1,500 in costs pursuant to Code §§ 14.1-178 and -198, and Rule 4:12(c).

On appeal Holmes assigns error to the actions of the trial court in failing to increase the damage award under Code § 59.1-204(A) to reflect LG Marion's willful violation of the VCPA, in "limiting Mr. Holmes' attorneys' fees under Code § 59.1-204(B) to his awarded damages," and in striking his claim under the Warranty Act.

## I.  Enhanced Damages

Holmes does not challenge the amount of actual damages awarded by the trial court.  He asserts, however, that the trial court should have trebled the $4,000 actual damage award because it found that LG Marion engaged in a "willful" violation of the VCPA.  Holmes bases his request on Code

---

[1] Code §§ 14.1-178 and -198 were repealed in 1998.  Code §§ 17.1-601 and -626, effective October 1, 1998, are the successor statutes, respectively, and contain no substantive

4

§ 59.1-204(A), which states that "[i]f the trier of fact finds that the violation [of the VCPA] was willful, it may increase the damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater."  Code § 59.1-204(A).  This section, Holmes asserts, represents the General Assembly's intent that willful violators of the VCPA suffer a punitive sanction in the form of enhanced damages.

The purpose of Code § 59.1-204(A) is to provide a penalty for intentional violations of the VCPA in addition to restitution for damages incurred.  The General Assembly, nevertheless, did not mandate the imposition of such penalty, but left that decision to the discretion of the trier of fact. Therefore, on appellate review, we will not disturb the trial court's decision unless we find that the decision was an abuse of discretion.

LG Marion's violation of the VCPA was willful, according to the trial court, because LG Marion knew there were problems with the vehicle.  When Holmes asked about its condition, LG Marion either intentionally misrepresented the condition of the vehicle or purposely failed to ascertain its true condition.  In determining the damages, however, the trial court expressed concern over its ability to ascertain the damage which flowed from this misrepresentation.  Holmes drove

changes.  For purposes of this opinion we will refer to the provisions by their former statutory designations.

5

the vehicle over 6,000 miles after he noticed the problems with it and before he had the vehicle independently evaluated in order to determine its true condition. Holmes' actions in this regard not only had an adverse effect on determining the actual damages Holmes incurred, but also on the extent punitive sanctions should flow from the willful misrepresentation.

While the VCPA is remedial legislation and should be liberally applied, the statutory authorization to impose enhanced actual damages is not a requirement to do so. Under the facts of this case, we cannot say that the trial court applied erroneous principles of law or otherwise abused its discretion in declining to impose enhanced damages under Code § 59.1-204(A).

## II. Attorneys' Fees

Holmes' next assignment of error is that the trial court erred "by limiting Mr. Holmes' attorney's fees under Section 59.1-204(B) to his awarded damages." We reject this assignment of error on two grounds. First, although Holmes asserts that the trial court "limited" his attorneys' fee award to the amount of his actual damages, nothing in the record, other than the fact that the amounts are identical, supports this conclusion.

Holmes argues that he introduced sufficient evidence to support his claim that the requested fees of over $18,000 were

6

reasonable.  LG Marion, Holmes asserts, presented no evidence rebutting the reasonableness of these fees and thus, in awarding only $4,000 in attorneys' fees, the trial court ignored Holmes' evidence and improperly limited the amount of the attorneys' fees award to the amount of his damage recovery.  We disagree.

In discussing Holmes' request for attorneys' fees, the trial court did not make any statement reflecting either a belief or a requirement that the amount of the attorneys' fees should be limited to the amount of actual damages.  Rather, the trial court evaluated the nature of the litigation and the work performed by counsel.  The trial court concluded that the fee amount Holmes requested was "unreasonable" for a "case of this nature."  This record simply does not support the assertion by Holmes that the trial court limited its award of attorneys' fees to the amount of the damage award.

We also reject this assignment of error to the extent it includes an argument that the attorneys' fees award was inadequate.  When, as here, recovery of attorneys' fees is authorized by statute, the fact finder must determine "from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case."  Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 111, 413 S.E.2d 611, 621 (1992).  The trier of fact must "'weigh the testimony of attorneys as to the value of the services, by reference to

their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services.'" Beale v. King, Administratrix, 204 Va. 443, 446, 132 S.E.2d 476, 478-79 (1963) (citation omitted). On appeal the trial court's determination of the amount of the attorneys' fees to be awarded will be set aside only upon a finding of abuse of discretion. See Coady v. Strategic Resources, Inc., 258 Va. 12, 18, 515 S.E.2d 273, 276 (1999); RF&P Corporation v. Little, 247 Va. 309, 323, 440 S.E.2d 908, 917 (1994); Rappold v. Indiana Lumbermens Mutual Ins., 246 Va. 10, 15-16, 431 S.E.2d 302, 306 (1993).

Holmes produced numerous records and the affidavit of an expert witness to support the reasonableness of his fee request. LG Marion did not contest the hourly fee rate of Holmes' counsel, but it did object to the inclusion of a number of items which it asserted were "excessive, redundant or otherwise unnecessary." The items challenged by LG Marion included time spent in seeking to disqualify LG Marion's counsel, time LG Marion alleged was spent as a result of lack of preparation by Holmes' counsel, and time spent on claims upon which Holmes did not prevail. Furthermore, although Holmes submitted expert opinion evidence regarding the reasonableness of the fees, the trial court was not bound by that testimony. Beale, 204 Va. at 446, 132 S.E.2d at 478.

As recited above, the trial court considered the evidence before it, the circumstances of the litigation, and its "own experience and knowledge of the character of such services" in reaching its decision.  It determined that the amount requested was unreasonable and that an award of $4,000 in attorneys' fees was reasonable.  Based on this record we cannot say that the trial court abused its discretion in determining the amount of the award of attorneys' fees.[2]

### III.  Warranty Act Claim

Count I of Holmes' motion for judgment alleged that LG Marion breached the Wynn's Product Warranty Program and breached the implied warranty of merchantability in violation of the Warranty Act.  The trial court dismissed Count I, holding that Holmes failed to prove that LG Marion violated the warranty contained in the Wynn's Product Warranty Program. Dismissal of the entire count was error because the claim for

---

[2] Holmes also argues here, as he did before the trial court, that the amount of attorneys' fees should be calculated by the so-called "lodestar" award method.  That method requires identification of the hours reasonably incurred in the litigation multiplied by a reasonable hourly rate and then adjustment of the award by consideration of a number of specific factors.  Hensley v. Eckerhart, 461 U.S. 424 (1983). Because we conclude that the attorneys' fee award is reasonable in this case, we do not address this argument. Nevertheless, as LG Marion points out, many of the factors cited within the "lodestar" approach are included in the elements considered by the trial court here, including the novelty and difficulty of the questions raised, the skill required, and the "overall relief obtained by the plaintiff in relation to the hours expended on the litigation."  Id. at 435.

breach of the implied warranty of merchantability in violation of the Warranty Act was a separate claim unconnected to the alleged breach of the Wynn's Product Warranty Program. For the reasons that follow, however, we conclude that the trial court's error was harmless because it did not deny Holmes the ability to recover any sums in addition to those awarded by the trial court.

As Holmes conceded, the actual damages he would be entitled to recover resulting from a violation of the VCPA and of the Warranty Act are the same.[3] Holmes has not challenged the amount of actual damages awarded by the trial court and a litigant is not entitled to double recovery of actual damages. See Tazewell Oil Co., 243 Va. at 113, 413 S.E.2d at 621-22. Therefore, striking the allegations of a violation of the Warranty Act was harmless as to the amount of actual damages which Holmes could recover in this action.

---

[3] The VCPA states in relevant part:
> Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages. . . .

Code § 59.1-204(A).

The provision of the Warranty Act relating to damages states:
> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal or equitable relief.

The VCPA and the Warranty Act allow recovery of attorneys' fees.[4]  Both statutes require that the award of attorneys' fees be reasonable as determined by the trial court.  As discussed above, the trial court in this case determined that Holmes' requested attorneys' fees were unreasonable and awarded an amount it considered reasonable for this case.  There is no indication that the determination of reasonable attorneys' fees would be different if made pursuant to the Warranty Act.

The only possible difference between recovery under the VCPA and the Warranty Act is the potential recovery of costs and expenses of litigation.  The VCPA provides recovery for "court costs" and the Warranty Act allows recovery of "cost and expenses . . . determined by the court to have been reasonably incurred by the plaintiff for or in connection with

---

15 U.S.C. § 2310(d)(1).

[4] The provisions relating to attorneys' fees state:

> [I]n addition to any damages awarded, such person also may be awarded reasonable attorney's fees and court costs.

Code § 59.1-204(B).

> If a consumer prevails . . . , he may be allowed by the court to recover . . . a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff . . . ."

15 U.S.C. § 2310(d)(2).

the commencement and prosecution of such action . . . ."  15

U.S.C. § 2310(d)(2).  Costs and expenses recoverable under the

Warranty Act could include recovery for trial-related expenses

such as expert witness fees, which are not recoverable under

the rubric of "court costs" allowed by Code § 59.1-204(B).

However, in addition to the court costs authorized by the

VCPA, Holmes sought recovery of litigation expenses pursuant

to Code §§ 14.1-178 and -198, and Rule 4:12(c).  Holmes'

request pursuant to Code §§ 14.1-178 and -198 included not

only filing fees, service fees, and subpoena fees, but also

reasonable costs for depositions taken out-of-state and the

"fees and/or costs to secure" the services of two of Holmes'

witnesses.  The total requested for these items was $1,389.81.[5]

Holmes also sought $2,757.30 as sanctions under Rule

4:12(c) for attorneys' fees, costs, and expenses incurred for

the services of his automotive expert Godfrey and to conduct

the deposition of Kirkman.  Approximately $1,600 of this

amount was designated as attorneys' fees, and the remaining

amount was for the same witness' expenses listed in Holmes'

request for costs under Code §§ 14.1-178 and -198.

The trial court considered all these requests and awarded

Holmes $1,500 pursuant to Code §§ 14.1-178 and -198, and Rule

---

[5] We note that although this amount is less than the sum
of the amounts assigned to each element of expense sought, it
is the total amount Holmes requested under these statutory

4:12(c). This award for litigation expenses was not limited to the court costs allowed under the VCPA. The only limitation on the award imposed by these sections and this rule is that the amount of the award be reasonable, in the opinion of the trial court. This same limitation – reasonableness – is imposed on litigation expenses recoverable under the Warranty Act.

Under these circumstances, we conclude that the expenses requested and recovered by Holmes encompassed the same type of expenses he could have recovered under the Warranty Act. There is nothing in this record to indicate that any expense, and certainly no significant expense, related to the litigation was omitted from Holmes' request for recovery of costs and expenses presented to the trial court. The rationale of reasonableness was applied by the trial court to Holmes' requests. There is no indication that a different result would have been reached had the trial court applied the standard of reasonableness under the Warranty Act.

In summary, because there would have been no difference in the amount of actual damages, reasonable attorneys' fees, court costs, and reasonable litigation expenses had Holmes pursued and prevailed in his claim for a breach of the implied warranty of merchantability in violation of the Warranty Act,

provisions in both his pleadings and argument before the trial court.

the trial court's error in striking Holmes' claim under the Warranty Act was harmless.

For the above reasons, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE KINSER, with whom JUSTICE HASSELL joins, concurring in part and dissenting in part.

I respectfully dissent from the majority's decision with regard to the issue of attorneys' fees. While I recognize that this Court should reverse an award of attorneys' fees only when the trial court has abused its discretion, see Coady v. Strategic Resources, Inc., 258 Va. 12, 18, 515 S.E.2d 273, 276 (1999), I am convinced that such an abuse occurred in this case.

Teronnie Holmes presented detailed records in support of his request for attorneys' fees in the amount of $18,532. Holmes also submitted an affidavit from an attorney experienced in the area of consumer rights litigation, who opined that the amount of time expended on this case and the hourly fees charged were reasonable, necessary, and fair. LG Marion Corporation presented no countervailing evidence, but only argued that some of the hours billed were unnecessary. LG Marion characterized the requested amount of attorneys' fees as "perhaps the biggest travesty of this case, that it is three times the cost of the car."

14

Based on this evidence, the circuit court concluded that the amount requested was "unreasonable."  However, the court did not make any factual findings but merely stated, "I feel like the money store. . . . I think it is . . . shameful to have to spend $20,000 on a case of this nature."  While I do not necessarily disagree with the circuit court's comments, I do not consider the statements to be a proper evaluation of the attorneys' fees requested by Holmes.  In Mullins v. Richlands Nat'l Bank, 241 Va. 447, 403 S.E.2d 334 (1991), we said that "[i]n determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances."  Id. at 449, 403 S.E.2d at 335.  See also Tazewell Oil Co., Inc. v. United Virginia Bank/Crestar Bank, 243 Va. 94, 112, 413 S.E.2d 611, 621 (1992).  I cannot determine from the record whether the circuit court considered any of these factors.

Nevertheless, the majority concludes that the circuit court did not limit the amount of attorneys' fees awarded to an amount equal to the amount of Holmes' actual damages.  Absent evidence of a reasoned analysis by the circuit court of the amount of the requested fees, the only inference that I can draw from the record is that the circuit court did limit the amount of attorneys' fees to the amount of damages awarded to the Holmes.  An award of attorneys' fees calculated in that

15

manner is improper.  See Riverside v. Rivera, 477 U.S. 561, 575-79 (1986) (rejecting contention in civil rights action that attorneys' fees should be proportional to damages awarded because attorneys should be encouraged to represent persons with legitimate civil rights complaints); Cieri v. Leticia Query Realty, Inc., 905 P.2d 29, 48 (Haw. 1995) (in action under state consumer protection act, "the amount of fees need not be restricted to the amount of actual damages"); Bittner v. Tri-County Toyota, Inc., 569 N.E.2d 464, 465 (Ohio 1991) ("reject[ing] the contention that the amount of attorney fees awarded . . . must bear a direct relationship to the dollar amount of" damages in action under state consumer protection act).

For these reasons, I conclude that the circuit court abused its discretion and therefore respectfully dissent. However, I join the majority opinion with regard to the other issues presented in this appeal.