## CIRCUIT COURT OF THE CITY OF ROANOKE

Shen Valley Masonry, Inc.

v.

Thor, Inc., et al.

July 29, 2010

Case No. CL06-2161

By Judge Jonathan M. Apgar

This case is before the Court on Plaintiff Shen Valley Masonry, Inc.'s (Shen Valley) plea in bar to Defendant Thor, Inc.'s (Thor) claim for attorney's fees and costs incurred in defending against Shen Valley's suit for (among other claims) breach of an alleged oral contract. Specifically, Shen Valley filed a "Motion in Limine to Exclude Defendants' Presentation of Evidence on Their Verified Application for Attorney's Fees and Expenses." Because this pleading asks for much more than the exclusion of evidence, principally, denying Thor the opportunity to be heard on the merits, it is better described as a plea in bar. *See Hawthorne v. VanMarter*, 279 Va. 566, 577, 692 S.E.2d 226, 234 (2010) ("A plea in bar asserts a single issue, which if proved, creates a bar to a plaintiff's recovery." (citations omitted)). So, for purposes of this letter opinion, the Court follows Thor's lead and refers to it as such. After hearing argument from counsel on June 1, the Court took any decision under advisement and gave Thor an opportunity to file a brief in opposition. Having considered the evidence, the arguments of counsel, and the applicable law, the Court is now prepared to rule. For the reasons that follow, the plea is overruled.

### I. *Background*

Because the parties are intimately familiar with the background of this nearly four-year litigation, the Court only states the facts relevant to the

disposition of the plea. In September 2004, Thor and Shen Valley entered into a written contract whereby Shen Valley agreed to perform masonry work in constructing Wilson Middle School in Fishersville, Virginia, for the fixed price of $1,050,000.

After Shen Valley finished its work on the school in January 2006, it demanded an additional payment from Thor of $587,824.47 for brick that was laid pursuant to an alleged oral contract. When Thor refused, Shen Valley brought suit against Thor and its bonding company, United States Fire Insurance Co., on four counts: (1) "Breach of Contract," (2) "Breach of Oral Contract," (3) "Unjust Enrichment/*Quantum Meruit*," and (4) "Payment Bond and Statutory Remedy." Pl.'s Compl. 6-8. The case was tried to a jury in October 2009. At the conclusion of Shen Valley's evidence, Thor moved to strike. That motion was granted, and judgment was entered in Thor's favor.

Approximately four months after the trial ended, Thor moved for attorney's fees based on Article XI of the parties' written contract, which reads in pertinent part:

> To the fullest extent permitted by law, you agree to defend, indemnify, and hold harmless Thor, Incorporated, the Owner, the Architect/Engineer, and all of their agents and employees from and against all claims, damages, losses, fines, penalties, and expenses, including but not limited to attorney's fees, arising out of, or resulting from the performance, or failure in performance, of your Work under this Subcontract Agreement.
> . . .

Pl.'s Compl. Ex. 1, ¶ XI.

In response, Shen Valley filed this plea, making a number of arguments why Thor is not entitled to attorney's fees under Article XI.

## II. *Discussion*

As an initial matter, Thor contends that Shen Valley has procedurally defaulted its plea by failing to comply with the requirements of Virginia Supreme Court Rule 4:15. Subsection (b) of that Rule requires "[c]ounsel of record [to] make a reasonable effort to confer before giving notice of a motion to resolve the subject of the motion. . . . The notice shall be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." If counsel of record elect to file briefs in support of or in opposition to a motion, then, pursuant to Subsection (c), they must be filed with the court as well as served with the required notice on all counsel of record at least fourteen days before the motion is heard.

The Court agrees with Thor that Shen Valley's counsel failed to comply with these requirements. In particular, he did not (1) certify that he conferred or attempted to confer with Thor's counsel before filing the plea, (2) file his brief in support with the Court at least fourteen days before the hearing, or (3) serve his brief in support with the required notice on Thor's counsel at least fourteen days before the hearing. Consequently, the Court could, as Thor asserts, overrule the plea on procedural grounds. But because Thor, having had an opportunity to file a brief in opposition, has not been prejudiced, the Court considers the merits of the plea. Even so, the Court does not approve the actions of Shen Valley's counsel in failing to comply with the requirements of Rule 4:15. The Court urges counsel that this not be repeated.

A. *Rule 3:25*

Shen Valley first contends that Thor's claim for attorney's fees must be deemed waived under Virginia Supreme Court Rule 3:25, because Thor failed to identify in its demand the basis upon which it relies in requesting those fees. Rule 3:25 provides in relevant part:

> B. *Demand.* A party seeking to recover attorney's fees shall include a demand thereof . . . in a responsive pleading filed pursuant to Rule 3:8. The demand must identify the basis upon which the party relies in requesting attorney's fees.
> C. *Waiver.* The failure of a party to file a demand as required by this rule constitutes a waiver by the party of the claim for attorney's fees, unless leave to file an amended pleading seeking attorney's fees is granted under Rule 1:8.

Va. Sup. Ct. R. 3:25(B), (C) (2010).

Filed on December 21, 2006, Thor's responsive pleading sought the following relief:

> Wherefore, having fully responded to the allegations stated in the Complaint, Thor requests that this Court dismiss the Complaint with prejudice, *grant Thor its attorneys' fees and expenses to the extent allowed by law,* and grant such further and other relief as this Court deems just and proper.

Defs.' Answer 9 (emphasis added).

This does not meet Rule 3:25's specificity requirement. But, as Thor points out, Rule 3:25 did not take effect until May 1, 2009, or roughly two-and-a-half years *after* the responsive pleading was filed. The question thus becomes whether Rule 3:25 applies retroactively.

To determine whether Rule 3:25 was intended to apply retroactively, the Court turns to familiar principles of statutory construction. "As a general rule, laws existing at the time a suit is filed govern the case." *Gaynor v. Hird*, 11 Va. App. 588, 590, 400 S.E.2d 788, 789 (1991) (citations omitted). This is because the presumption is against, not in favor of, retroactive application of statutes. *Virginia Farm Bureau Ins. Co. v. Travelers Indem. Co.*, 242 Va. 203, 208, 408 S.E.2d 898, 901 (1991) (citation omitted). "[R]etroactive effect will be given to a statute only when legislative intent that a statute be so applied is stated in clear, explicit, and unequivocal terms; otherwise, a statute will be applied prospectively only and applied only to cases that arise thereafter." *Berner v. Mills*, 38 Va. App. 11, 16, 560 S.E.2d 925, 927 (2002) (quoting *Foster v. Smithfield Packing Co.*, 10 Va. App. 144, 147, 390 S.E.2d 511, 513 (1990)).

Moreover, only procedural or remedial, as opposed to substantive statutes, may be applied retroactively. *Id.* at 17, 560 S.E.2d at 927. As the Supreme Court of Virginia has explained, "procedural or remedial statutes merely set forth the methods of obtaining redress or enforcement of rights," whereas substantive statutes "create duties, rights, or obligations." *Cohen v. Fairfax Hosp. Ass'n*, 12 Va. App. 702, 705, 407 S.E.2d 329, 331 (1991) (citing *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753 (1984)). "In order for [a statute] to apply retroactively, therefore, it must be procedural in nature and affect the remedy only, disturbing no substantive or vested rights. The statute must also contain an expression of retrospective legislative intent."

While it is true that these principles are generally applied to statutes, they should also be applied here, given that the Rules are promulgated pursuant to authority granted by the General Assembly. *See* Va. Code Ann. § 8.01-3 (2010). The Court thus considers this retroactivity of Rule 3:25 with this in mind.

Shen Valley maintains that, because Rule 3:25 "clearly states that it became effective May 1, 2009, and makes no exceptions for cases filed prior to enactment of the Rule," "it is applicable to all cases pending from the effective date, regardless of the commencement date of the action." Pl.'s Reply Br. 3. "This," it continues, "is further supported by Section C which provides a procedure for amendment of the pleadings." *Id.*

Before discussing these arguments, the Court first addresses whether Rule 3:25 would disturb any of Thor's substantive or vested rights if applied retroactively. Under Article XI, Thor has a right to recover (among other things) attorney's fees. That right, which is both substantive and vested, would undoubtedly be disturbed and taken away by the retroactive application of Rule 3:25.

But even assuming (as Shen Valley apparently does) that Rule 3:25 would not disturb any of Thor's substantive or vested rights if applied retroactively, it does not contain an expression of retroactive intent. Contrary

to Shen Valley's assertion, the absence of a provision excepting cases filed before May 1, 2009, does not constitute a "clear, explicit, and unequivocal" statement that Rule 3:25 is to be applied retroactively, and neither does the inclusion of a provision allowing a party to file an amended pleading. Subsection (C) is consonant with applying only to pleadings filed after May 1, 2009.

Accordingly, because retroactive application of Rule 3:25 would disturb Thor's substantive and vested right to recover attorney's fees under Article XI and because Rule 3:25 does not contain an expression of retroactive intent, the Court declines to apply it retroactively. Thor, therefore, did not waive its claim for attorney's fees by failing to identify in its demand the basis upon which it relies in requesting those fees.

## B. *Presentation of Evidence at Trial*

Shen Valley also asserts that Thor waived its claim for attorney's fees by failing to present evidence of those fees at trial. In support of this assertion, Shen Valley cites *Kraft Foods North Am., Inc. v. Banner Eng'g & Sales, Inc.* 446 F. Supp. 2d 551 (E.D. Va. 2006). There, the plaintiff claimed that it was entitled to an award of attorney's fees under an indemnification provision very similar to Article XI. The indemnification provision provided in relevant part: "Seller shall defend, indemnify, and hold Buyer harmless against all damages, claims, liabilities, and/or expenses (including attorneys' fees) arising out of or resulting in any way from any defect in the goods purchased hereunder. . . ." *Id.* at 576-77. The U.S. District Court for the Eastern District of Virginia disagreed, holding that the plaintiff was not entitled to such an award because it failed to present evidence of attorney's fees at trial. The District Court explained: "Where attorney's fees are an element of damages, such as in an indemnification clause, the award of attorney's fees should be denied where the party seeking them fails to carry its burden of proof at trial." *Id.* at 579 (citations omitted).

Shen Valley's reliance on *Kraft* is misplaced. In that case, the plaintiff had an opportunity to present evidence of attorney's fees at trial but, for whatever reason, chose not to do so. Here, by contrast, Thor had no such opportunity. This is because when its motion to strike was granted, the trial was over. Thus, unlike the plaintiff in *Kraft*, Thor did not waive its claim for attorney's fees by failing to present evidence of those fees at trial.

## C. *Post-Trial Hearing*

Relying on *Lee v. Mulford*, 269 Va. 562, 611 S.E.2d 349 (2005), Shen Valley next argues that Thor is not entitled to have a post-trial hearing on attorney's fees because there was no agreement between the parties that was approved by the Court to bifurcate the fact-finding process. In *Lee*,

the plaintiff sued the defendant on a promissory note, which included an attorney's fees provision. After being instructed to consider the note as a whole, the jury returned a verdict in the plaintiffs favor. As part of its verdict, the jury determined that the parties would pay their own attorney's fees. The plaintiff then asked for a post-trial hearing on attorney's fees because he did not think that the issue had been submitted to the jury. The trial court denied his request.

On appeal, the Supreme Court of Virginia affirmed. It first observed that the plaintiff had sought attorney's fees as part of his claim for damages and that he had offered no evidence of those fees at trial. The Supreme Court also noted that the jury was instructed, without objection, to consider the contract as a whole and that there was no agreement between the parties with approval of the trial court to bifurcate the fact-finding process. It then held that the trial court did not err in denying the plaintiffs request for a post-trial hearing on attorney's fees because the defendant had the right to insist that the issue be submitted to a jury and because it was by virtue of the instruction to consider the contract as a whole. The Supreme Court emphasized: "Absent agreement of the parties with the concurrence of the court, or pursuant to contract or statute with specific provisions, a litigant is not entitled to bifurcate the issues and have the matter of attorney's fees decided by the trial court in post-verdict proceedings." *Id*. at 567-68, 611 S.E.2d at 352.

This case is distinguishable from *Lee* in at least three ways. First, the plaintiff there had an opportunity to put on evidence of attorney's fees at trial, but he failed to do so. Here, by contrast, Thor had no such opportunity. Second, in *Lee*, the issue of attorney's fees was submitted to the jury, and it determined that the parties would pay their own. In this case, however, the issue of attorney's fees was not submitted to the jury. Third and most importantly, unlike Lee, there was an agreement between the parties here that was approved by the Court to have a post-trial hearing on the issue of attorney's fees. In the Judgment Order, which Shen Valley drafted in part and endorsed, it states:

> The only matter remaining to be resolved in this case is the Defendant's claim for attorney's fees and costs. The Plaintiff objects to the Defendant's claims for attorney's fees and costs on the grounds that they are not recoverable against the Plaintiff under the terms of any contract, statute, or basis on law. The Defendants shall file a Motion for Attorney's Fees and submit a Verified Application for Attorney's fees within twenty days of entry of this Order, otherwise all attorney's fees and costs shall be waived. Should the Defendants file such motion and application, the Court shall conduct an *ore tenus* hearing at a time and date convenient to the Court and

parties to determine the applicability of, and if necessary, the amount of attorney's fees and/or costs allowable.

J. Order 2, Jan. 22, 2010.

The most natural and reasonable reading of this language is that, while Shen Valley objected to Thor's claim for attorney's fees, it consented to the Court's holding a post-trial hearing to decide the issue. Thus, unlike the defendant in *Lee*, Shen Valley has no basis for challenging the bifurcation of the fact-finding process now after having agreed to do so in the Judgment Order.

## D. *Written Contract*

Moving to the merits of Thor's claim for attorney's fees, Shen Valley argues that Thor has no basis for seeking such fees because, "[b]ased on the evidence in this case, there is . . . a question as to whether there was even a Written Contract entered into between the parties." Pl.'s Br. 8. And "[i]f there is no valid written contract," it continues, "then the indemnification paragraph in the Written Contract would not be applicable or binding on the parties." *Id.* In response, Thor asserts that, after having sued for breach of written contract, "Shen Valley cannot be heard to make this argument," because it "may not now adopt an inconsistent theory of the case; nor may it rise above its own evidence." Defs.' Br. 18 (citation omitted). The Court agrees with Thor.

The Supreme Court of Virginia "ha[s] consistently held that litigants may not take inconsistent positions at different stages of litigation." *Commonwealth Transp. Comm'r v. Target Corp.*, 274 Va. 341, 350, 650 S.E.2d 92, 97 (2007) (citations omitted). In its complaint, Shen Valley alleged that the parties entered into a valid written contract and that Thor breached it by failing to make timely payments. What is more, Shen Valley attached a copy of the alleged written contract, which included the indemnification provision outlined above, to its complaint and offered it into evidence at trial. Accordingly, having taken the position before and during trial that there was a valid written contract between the parties, Shen Valley may not now take the position post-trial that there was not. The Court therefore declines to address the merits of its argument that the parties did not enter into a valid written contract.

## E. *Indemnification Provision*

As detailed above, Article XI of the parties' written contract states that Shen Valley agrees to indemnify Thor from all claims that arise out of Shen Valley's performance under that contract. Shen Valley urges that Article XI only applies to third-party claims, as opposed to claims between

the parties and, as a result, does not apply here. In the alternative, Shen Valley contends that, even if Article XI does apply to claims between the parties, Thor is not entitled to recover the lion's share of the attorney's fees it incurred here because the claims that were tried "ar[ose] out of the Oral Contract or [were] based on unjust enrichment/quantum meruit," not the parties' written contract. Pl.'s Br. 9. The Court addresses these arguments in turn.

Shen Valley's first argument, as Thor correctly asserts, is foreclosed by precedent from the Supreme Court of Virginia. *See, e.g., Coady v. Strategic Res., Inc.,* 258 Va. 12, 515 S.E.2d 273 (1999); *Rappold v. Indiana Lumbermens Mut. Ins. Co.,* 246 Va. 10, 431 S.E.2d 302 (1993); *Chesapeake & Potomac Tel. Co. v. Sisson & Ryan, Inc.,* 234 Va. 492, 362 S.E.2d 723 (1987). For instance, in *Chesapeake & Potomac Tel. Co. v. Sisson & Ryan, Inc.,* 234 Va. 492, 362 S.E.2d 723, the Supreme Court construed an indemnification provision nearly identical to Article XI. It read as follows:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Architect from and against all claims, damages, losses, and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the Work. . . .

*Id.* at 501, 362 S.E.2d at 728.

The contractor argued (like Shen Valley does here) that this broad language applied to third-party claims only and not to claims between the parties. The Supreme Court rejected this argument, holding that the indemnification provision did apply to claims between the parties and thus entitled the telephone company to attorney's fees incurred in suing the contractor for damages arising out of its performance under the parties' agreement. The Supreme Court reasoned:

> We see no public policy limitation against this result such as [the contractor] seems to suggest. We are committed to the view that parties may contract as they choose so long as what they agree to is not forbidden by law or against public policy. [The contractor] contracted in [the indemnification provision] . . . to pay [the telephone company's] attorneys' fees in certain situations, and we think the present situation falls fairly within the terms of that agreement.

*Id.* at 502, 362 S.E.2d at 728-29.

Likewise, here, the Court sees no public-policy reason for limiting the reach of Article XI's broad language to third-party claims only and, therefore, holds that it applies to claims between the parties, too. Accordingly,

Thor is entitled to recover the attorney's fees it has incurred here so long as those fees arose out of Shen Valley's performance under the parties' written contract.

As noted above, Shen Valley maintains that the bulk of Thor's attorney's fees in this case was incurred in defending against claims that were not based on the parties' written contract, but rather on the alleged oral contract or quantum meruit. Thus, Shen Valley submits that "the only attorney's fees which the Court could possibly award [Thor] would be [those] fees incurred prior to February 26, 2007, the date the Written Contract became moot." Pl.'s Br. 9.

Thor counters that the parties' written contract did not become moot in February 2007, since Shen Valley pursued part of its claim based on that contract until the day before trial. Moreover, Thor contends that its "defenses to the purported oral contract and quantum meruit claims were based on the express terms of the written contract, including its change order and extra work order provisions, as well as the numerous lien waivers that Shen Valley submitted under oath in connection with the contract." Defs.' Br. 17 (internal quotation marks omitted). Hence, Thor asserts that all of the attorney's.fees it incurred in this case arose out of Shen Valley's performance under the parties' written contract and are therefore recoverable.

The Court agrees with Thor that Shen Valley's written-contract claim did not become moot on February 26, 2007. As Thor points out, the record establishes that Shen Valley did not abandon that claim entirely until the eve of trial. At a hearing held on October 19, 2009, Shen Valley's counsel informed the Court that Shen Valley would not be going forward with its written-contract claim at trial:

> As we sit here today, we are only making a claim for what is continued to be owed under the oral contract as whether, one, the amounts that remain owing under the written have been paid to date, or two, Shen-Valley's going to release its claims, any claim it has to any other monies it had been seeking under the written contract.

Hr'g Tr. 18, Oct. 19, 2009.

Accordingly, the Court holds that Thor is entitled to recover all of the attorney's fees it incurred in defending against Shen Valley's written-contract claim.

The question remains, however, whether Thor is also entitled to recover the attorney's fees it incurred in defending against Shen Valley's oral-contract and quantum-meruit claims. To help resolve this question, the Court turns to a case both parties rely on in making their respective arguments, *Coady v. Strategic Resources, Inc.*, 258 Va. 12, 515 S.E.2d 273 (1999). There, the plaintiff (Coady) and the defendant (SRI) entered into

a consulting contract, which contained an indemnification provision very similar to Article XI. The indemnification provision provided in relevant part: "consultant shall indemnify SRI . . . and hold [it] harmless from any and all claims, suits, proceedings, costs, losses, expenses, damages, and liabilities, including but not limited to attorney's fees and court costs, caused by or arising out of, or in connection with, consultant's performance or nonperformance under this Agreement." *Id.* at 14, 515 S.E.2d at 274. After completing his work under the parties' contract, Coady submitted an invoice to SRI for nearly $8,000. When SRI only paid half of that amount, Coady filed a warrant in debt to recover the rest plus interest, costs, and attorney's fees. SRI answered and filed a counterclaim, alleging breach of contract and breach of warranty.

Prior to trial in the General District Court of Fairfax County, SRI moved to dismiss the warrant on the ground of accord and satisfaction. The District Court granted that motion and dismissed both the warrant and counterclaim. SRI then filed a motion for attorney's fees based on the indemnification provision in the parties' contract. The District Court granted that motion, too, and Coady appealed, first to the Circuit Court of Fairfax County, which affirmed, and then to the Supreme Court of Virginia.

Before the Supreme Court, Coady argued that the courts below erred in awarding SRI attorney's fees because (among other things) "his original warrant in debt was not a proceeding in connection with his performance or non-performance [under the parties' contract,] but rather one in connection with SRI's non-performance, i.e., not paying Coady for the services rendered." *Id.* at 17, 515 S.E.2d at 275. The Supreme Court rejected this contention as "pure sophistry," stating that "[w]hile the warrant did not mention Coady's performance or non-performance as such, he cannot deny what he sought recovery for in the warrant was his performance under the [parties' contract]. . . ." *Id.*, 515 S.E.2d at 275. What is more, the Supreme Court explained:

> If that did not make the warrant proceeding one in connection with Coady's performance or non-performance, the answer and grounds of defense SRI filed to the warrant certainly did. SRI not only denied liability for Coady's claim but also asserted as grounds of defense unclean hands, fraud, misrepresentation, breach of contract, and lack of authorization, all obviously related to Coady's performance or non-performance under the [parties' contract].

*Id.*, 515 S.E.2d at 276.

Consequently, the Supreme Court held that SRI's attorney's fees were incurred in connection with Coady's performance or non-performance under the parties' contract and were therefore recoverable.

Under the Supreme Court's ruling in *Coady*, even if Shen Valley's oral contract and quantum meruit claims did not arise out of its performance under the parties' written contract, Thor may nonetheless be entitled to the attorney's fees it incurred if its defenses against those claims did. The Court looks at the defenses Thor asserted in its answer and special plea.

In its answer, Thor first denied Shen Valley's allegations of an oral contract and quantum meruit and then, like SRI in *Coady*, stated as grounds of defense unclean hands, breach of contract, and accord and satisfaction. Similarly, in its special plea, Thor maintained that there was no oral contract between the parties and that all of the work that Shen Valley claimed had been performed under that contract was in fact work performed under the written contract. Moreover, Thor urged that, in any event, Shen Valley was precluded from bringing its oral-contract and quantum-meruit claims under the plain terms of the written contract.

There can be no question that these defenses arise out of Shen Valley's performance under the parties' written contract. The Court therefore holds that, pursuant to *Coady*, Thor is also entitled to recover the attorney's fees it incurred in defending against Shen Valley's oral-contract and quantum-meruit claims.

## III. *Conclusion*

Therefore, having overruled all aspects of Shen Valley's plea, the Court inquires if all evidence and argument is complete as to the reasonableness of the requested fees. If it is, the Court will proceed to review the presentations, and determine a figure. If not, a further hearing will need to be set. Counsel have ten days from the date of this letter opinion to reply whether a hearing is needed.